Walter ADAMS, Joseph Majkut, George Muska, and Charles Strimlan, Plaintiffs,

v.

KOPPERS COMPANY, INC. a Pennsylvania Corporation, and the Retirement Plan of Koppers Company, Inc. and Subsidiaries for Salaried Employees, Defendants.

Civ. A. No. 88–155.

United States District Court, W.D. Pennsylvania.

May 9, 1988.

John W. Murtagh, Jr., Wexford, Pa., for plaintiffs.

John C. Unkovic, Mary Dombrowski Wright, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

MENCER, District Judge.

The plaintiffs, former employees of the Koppers Company, Inc., have filed suit against the defendants, alleging violations of various provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1000 *et seq.* The Retirement Plan of Koppers Company, Inc. and Subsidiaries for Salaried Employees (Plan) filed a Motion to Dismiss, which is presently before this court.

### 1. *Facts*

The plaintiffs were all employed by Koppers Company, Inc. (Koppers) and were participants in the Plan. Each of the plaintiffs sustained a break in service during the course of his employment with Koppers, and each lost pension credit for his tenure before that break. Although some Koppers employees were allowed to "heal" breaks in service under provisions added to the Plan in 1985, the plaintiffs never had such an opportunity. After returning to service, each of the plaintiffs had attempted to repay his previously withdrawn pension contributions and, thus, heal the break. Koppers allegedly did not allow the plaintiffs to repay those contributions and obtain credit for the pre-break service. When the plaintiffs requested written explanations for the decision, the defendants refused.

### 2. *Legal Analysis*

ERISA contains numerous sections intended to govern the manner in which plan administrators or employers administer employee benefit plans. Violations of certain provisions create a civil cause of action under 29 U.S.C. § 1132 (§ 1132). ERISA also contains a provision, 29 U.S.C. § 1140 (§ 1140), designed to prevent an employer from circumventing the safeguards of ERISA through various employment decisions. Violations of § 1140 also create a civil cause of action under § 1132.

### A. *29 U.S.C. § 1140*

The plaintiffs have asserted against the Plan violations of both the substantive provisions of ERISA and the circumvention section. The Plan proffers two arguments in favor of its Motion to Dismiss, one for each type of violation asserted by the plaintiffs. We will first consider the Plan's contention that it is not a proper party under § 1140.

Section 510 of ERISA, 29 U.S.C. § 1140 reads in part:

> It shall be unlawful for any *person* to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.... (emphasis added)

The Act defines the word "person" in its definition section, 29 U.S.C. § 1002. The definition of "person" includes, "an individ-

ual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." *Id.* at § 1002(9). The Plan argues that § 1140 applies to any "person" who commits the proscribed acts, and that § 1002(9) does not list plans among the numerous entities that qualify as "persons." Therefore, the Plan contends, the portion of the Complaint that alleges that the Plan violated § 1140 should be dismissed.

The plaintiffs argue that, although a literal interpretation of the ERISA definition of "person" does not include a plan, courts have construed the language broadly. The plaintiffs urge us to interpret § 1140 to allow for actions against the plan.

In support of their contention, the plaintiffs cite five cases. None of these cases, however, directly addresses the issue of § 1140 actions against plans, or even arguably supports the plaintiffs' contentions. In *Gavalik v. Continental Can Co.*, 812 F.2d 834 (3d Cir.1987), neither the plan nor the plan administrators were named defendants. In *Lucash v. Strick Corp.*, 602 F.Supp. 430 (E.D.Pa.1984), the plan was a named defendant, but the court only discussed § 1140 in the context of federal preemption of state law. In *Greenblatt v. Budd Co.*, 666 F.Supp. 735 (E.D.Pa.1987), and *Ferguson v. Freedom Forge Corp.*, 604 F.Supp. 1157 (W.D.Pa.1985), the courts denied summary judgment against the plan *administrators,* holding that the plaintiffs might prove violations of § 1140 by those *individuals.* Finally, *Eckersley v. WGAL TV Inc.*, 831 F.2d 1204 (3d Cir.1987), does not seem to involve any claim under § 1140 whatsoever.

This court conducted a comprehensive computer search of all cases involving § 1140 with plans or plan administrators as named defendants. In none of those cases did a plaintiff have a surviving count under § 1140 against a plan. Although we do not draw the negative inference from the lack of precedent that such an action is impossible, we do consider the lack of any reported case involving a § 1140 action against a plan to be significant.

In the absence of a case law refinement of the parameters of § 1140, we turn to legislative history to determine whether Congress intended § 1140 to create a civil action against a plan. The legislative history of § 1140 reveals that Congress intended the section to prevent unscrupulous *employers* from discharging employees to prevent benefits from vesting. 119 Cong.Rec. 30374, *reprinted in* Legislative History at 1774–75. Congress wanted to protect the employment relationship that gives rise to an individual's benefits. *West v. Butler,* 621 F.2d 240 (6th Cir.1980).

■ After reviewing the statutory text, the legislative history, and the case law, we conclude that a plan is not a proper defendant under 29 U.S.C. § 1140. The language of the statute lists a large variety of defendants and does not list plans. The legislative history indicates that § 1140 was directed at employment decisions, which would not normally be under the control of the plan. We find no indication that the exclusion of plans from the definition of "person" in § 1002(9) was unintentional. Therefore, we will grant the Plan's Motion to Dismiss with respect to 29 U.S.C. § 1140.

The plaintiffs are not necessarily without remedy under § 1140, however. They still have an active claim against Koppers, and may have a potential action against the plan administrators, who fit the definition of "person" under § 1002(9). Although unusual, in some circumstances a plan administrator may have sufficient involvement in employment decisions to incur liability under § 1140.

■ In order to recover from a plan administrator under § 1140, the plaintiff must first establish his *prima facie* case. To establish a *prima facie* case under § 1140, the plaintiff must demonstrate: (1) prohibited conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled. *Gavalik v. Continental Can Co.*, 812 F.2d 834, 852 (3d Cir.1987); *Furcini v. Equibank, NA* 660 F.Supp. 1436, 1439 (W.D.Pa.1987).

Once the plaintiff has made his *prima facie* case, the burden of production shifts to the defendant "to introduce admissible evidence of a legitimate, nondiscriminatory

reason for its challenged actions." *Gavalik*, 812 F.2d at 853; *Furcini*, 660 F.Supp. at 1439–1440. If the defendant introduces such evidence, the production burden shifts back to the plaintiff to demonstrate that the defendant's contention is either pretextual or not worthy of credence. *Gavalik*, 812 F.2d 853; *Furcini*, 660 F.Supp. at 1440.

Clearly, the circumstances in which the plaintiff will have a valid claim against the plan administrator under § 1140 are rare; most plan administrators do not have authority to discharge employees or take any of the other proscribed actions. However, if the plaintiffs feel that they have a claim against any plan administrators under § 1140, they must move this court for leave to amend their complaint to add additional defendants.

B. *Other ERISA Violation*

With respect to the Plan's alleged violations of ERISA provisions other than § 1140, the Plan asserts that the plaintiffs have failed to exhaust their administrative remedies. The Plan claims that this court lacks jurisdiction until the plaintiffs have exhausted those remedies. *Wolf v. National Shopmen Pension Fund*, 728 F.2d 182 (3d Cir.1984); *Zipf v. American Telephone and Telegraph Co.*, 799 F.2d 889 (3d Cir.1986).

The plaintiffs concede that they must exhaust their administrative remedies, but contend that they have done so. They assert that the Plan's internal claims and appeals procedure has a two-step review:

> (1) Should a participant's claim be denied in whole or in part, the participant is to receive a written explanation of the reason for the denial;
>
> (2) Participants then may request a review and reconsideration of their claim.

The plaintiffs have alleged that, upon returning following their break in service, each plaintiff requested permission to repay any withdrawn contributions and "heal" the break. After these requests were denied, the plaintiff then requested a written explanation of the reason for the denial, pursuant to step one of the review process. The plaintiffs assert that the plan administrators refused to provide these written explanations. Thus, the plaintiffs argue, they attempted to comply with the internal review procedures and were frustrated by the defendants.

■ The Plan asserts that the plaintiffs' requests and the defendants' denials all occurred at least seven years before the enactment of ERISA. It contends that the plaintiffs should have renewed their requests at the time that they applied for retirement benefits. The Plan's argument seems to be that the plaintiffs had some obligation to explore their administrative remedies multiple times. The Plan cites no authority for this proposition, and this court is not aware of any requirement of repeated attempts to obtain administrative relief.

Thus, the only genuine issues remaining with respect to the exhaustion of administrative remedies are factual. Because this question is before this court on a motion to dismiss, we must construe the complaint in the light most favorable to the plaintiffs and take all their allegations as true. Wright & Miller, *Federal Practice and Procedure* § 1357. Consequently, we will deny the Plan's Motion to Dismiss with respect to the failure to exhaust administrative remedies.

3. *Conclusion*

After reviewing the briefs in support and in opposition to the defendants' Motion to Dismiss, we conclude that we should grant the motion in part and deny it in part. We find that section 510 of ERISA, 29 U.S.C. § 1140, does not create a civil cause of action against a plan, although it may create a cause of action against a plan administrator in some circumstances. We also find that the plaintiffs' have sufficiently alleged the exhaustion of administrative remedies to survive the defendants' Motion to Dismiss.

ORDER

AND NOW, this 9th day of May, 1988, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that:

(1) The Motion to Dismiss filed by The Retirement Plan of Koppers Company, Inc.

and Subsidiaries for Salaried Employees is GRANTED in part, and the Complaint is DISMISSED to the extent that it alleges that The Retirement Plan of Koppers Company, Inc. and Subsidiaries for Salaried Employees violated section 510 of ERISA, 29 U.S.C. § 1140;

(2) The Motion to Dismiss filed by The Retirement Plan of Koppers Company, Inc. and Subsidiaries for Salaried Employees is DENIED in all other respects; and

(3) The Retirement Plan of Koppers Company, Inc. and Subsidiaries for Salaried Employees shall file an answer in the above captioned case on or before May 24, 1988.