12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Suzanne Sparks MAVITY; Michael D. Mavity; Shannon D.
Sparks, a minor by her Guardian ad Litem and Next
Friend Suzanne Sparks Mavity,
Plaintiffs-Appellants,
v.
AMERICAN PROTECTORS INSURANCE CO., General American Life
Insurance Co.; McDonnell Douglas Corporation, by
its statutory Erisa agent, General
American Life Insurance Co.
Defendants-Appellees.
 No. 92-15197.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1993.
Decided Nov. 22, 1993.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and KELLEHER* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 The Mavitys brought suit under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1132, seeking payment for medical claims. The district court dismissed the action, ruling that the Mavitys had failed to exhaust their administrative remedies. In addition, the court ordered the Mavitys to pay the defendants' attorney fees and imposed Rule 11 sanctions on the Mavitys' counsel, Randolph G. Bachrach.
 
 
 4
 The Mavitys and Bachrach appeal the dismissal, fee award and sanctions. We affirm all aspects of the district court's judgment and grant the appellees' request for attorney fees in this appeal.
 
 DISCUSSION
 
 5
 I. DISMISSAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
 
 
 6
 The Mavitys contend that the district court erred in granting summary judgment in favor of the defendants and dismissing the Mavitys' action on the ground that the Mavitys had failed to demonstrate that they had exhausted their administrative remedies. We review the district court's decision de novo and uphold it only if, on viewing the evidence in the light most favorable to the Mavitys, we determine that no genuine issue of material fact exists and that the defendants are entitled to judgment as a matter of law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747-48 (9th Cir.1992).
 
 
 7
 The Mavitys offer five arguments in favor of reversing the district court's summary judgment. First, they assert that the record shows that they have exhausted their administrative remedies by complying with the procedures defendant General American provides for appealing the denial of claims. We reject this assertion. The record is devoid of evidence that the Mavitys pursued administrative review of their claims. The district court did not err in finding that the Mavitys had failed to satisfy the exhaustion requirement.[1] Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (court must grant summary judgment against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof"); see also Amato v. Bernard, 618 F.2d 559, 566-68 (9th Cir.1980) (upholding dismissal of claims arising under ERISA where plaintiff failed to demonstrate that he had exhausted administrative remedies).
 
 
 8
 The Mavitys' next contention is that the district court should have considered as true the allegations in their complaint that they had exhausted their administrative remedies. This argument is wholly without merit. In ruling on a motion for summary judgment, the district court correctly considered whether, in view of the pleadings, supporting affidavits, interrogatories, depositions and admissions, the case presents any genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1985). The averments in the Mavitys' pleadings are unsupported by evidence. The district court did not err in declining to accept them as true.[2] Id. at 322; see also Amato, 618 F.2d at 566-68.
 
 
 9
 The Mavitys' third argument is that in granting summary judgment for the defendants the district court overlooked several issues of triable fact. The only genuinely disputed issues concern whether the insurance company denied the Mavitys' claims and the legitimacy of the denial. These issues are subject to the administrative exhaustion requirement.[3]
 
 
 10
 Fourth, the Mavitys say that they should not be required to exhaust their administrative remedies because administrative review of their claims would be futile at this point: the insurance company has already paid their claims. This is a puzzling contention. If the claims on which the Mavitys sue have been paid, the administrative process has worked and there is nothing to litigate. As the district court noted in its order granting summary judgment, moreover, the Mavitys may still have claims left to exhaust. They have asserted a claim for damages for improper coordination of benefits and have raised several issues related to the interpretation of the policy terms. Before bringing these claims to court, the Mavitys must attempt to resolve them through the procedures provided by the insurer and ERISA. Amato v. Bernard, 618 F.2d 559, 567-68 (9th Cir.1980) (courts should impose exhaustion requirement on actions brought under ERISA).
 
 
 11
 Finally, the Mavitys argue that the defendants are estopped from raising the exhaustion defense because General American failed to give the Mavitys adequate notice of the denial of benefits, as required under Department of Labor regulations. See 29 C.F.R. Sec. 2560.503-1(f). We decline to address this issue. The Mavitys did not raise it until their motion for reconsideration of the district court's order of summary judgment and dismissal. A motion for reconsideration is not the proper avenue for raising legal theories that could have been, but were not, raised before the court issued the order for which reconsideration is sought. In re Agric. Research & Tech. Group, Inc., 916 F.2d 528, 542 (9th Cir.1990); see also Northwest Acceptance Corp. v. Lynnwood Equip., 841 F.2d 918, 925-26 (9th Cir.1988) (trial court retains discretion to refuse to address issues raised for the first time in a motion for reconsideration). In its denial of the Mavitys' motion for reconsideration, the district court stated that it would not consider legal theories not asserted prior to its ruling on the motion for summary judgment. The district court did not adjudicate the estoppel issue, nor did the appellees have an opportunity to respond to it. The issue is therefore waived.
 
 II. THE MAVITYS' REQUEST FOR ATTORNEY FEES
 
 12
 The Mavitys appeal the district court's decision denying their request for attorney fees. Because we find that the district court did not err in granting summary judgment for the defendants, we decline to overturn the denial of the Mavitys' fee request.
 
 III. AWARD OF DEFENDANTS' ATTORNEY FEES
 
 13
 The Mavitys assert that the district court abused its discretion in awarding attorney fees and litigation expenses to the defendants. The Mavitys acknowledge that in determining whether an award of attorney fees under ERISA is appropriate, the district court should consider the five factors outlined in Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980). According to the Mavitys, however, the first Hummell factor, which concerns "the degree of the opposing party's culpability or bad faith," permits a fee award only on a finding of culpable or bad faith conduct that is extrinsic to the law suit. A plaintiff's bad faith or culpability in bringing a law suit, the Mavitys argue, is not ground for awarding fees; the bad conduct must be part of the underlying facts of the case.
 
 
 14
 We reject this argument. Neither ERISA nor Hummell suggests that attorney fee awards should be limited in this way. See 29 U.S.C. Sec. 1132(g)(1). There is no reason to conclude that abusive litigiousness on the part of an ERISA claimant could not constitute bad faith or culpable conduct supporting the award of attorney fees to an ERISA defendant. As the district court noted, bringing a claim without exhausting available administrative remedies imposes unnecessary expenses on defendants. The district court did not abuse its discretion in ordering the Mavitys to pay the defendant's attorney fees.
 
 IV. RULE 11 SANCTIONS
 
 15
 The Mavitys' attorney, Randolph Bachrach, appeals the district court's decision to impose Rule 11 sanctions. Bachrach contends that we should apply a three-tiered standard of review to the district court's Rule 11 decision: a clearly erroneous standard for the factual determinations upon which the sanctions are based, a de novo standard for the underlying legal determinations, and an abuse of discretion standard for the appropriateness of the penalty imposed.
 
 
 16
 Bachrach is incorrect. In Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1989), the Supreme Court rejected this tiered approach to reviewing Rule 11 decisions. Id. at 399-405. The Court held that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id. at 405.
 
 
 17
 The district court did not abuse its discretion in imposing Rule 11 sanctions on Bachrach for bringing the federal common law bad faith claim. Reasonable inquiry would have led Bachrach to Lea v. Republic Airlines, Inc., 903 F.2d 624 (9th Cir.1990), in which this court held that federal common law claims asserted under ERISA plans are not cognizable. Id. at 632.
 
 
 18
 Bachrach argues, however, that his clients' federal common law claim was not brought in violation of Rule 11 because it was based on a good faith argument for modification or extension of existing law. According to Bachrach, Lea is not on point because the plaintiffs in that case originally couched their bad faith claim in state law terms and did not recharacterize it as one arising under the federal common law until the summary judgment hearing. See Lea, 903 F.2d at 631 n. 12. "In his role as advocate," Bachrach states, "counsel interprets [Lea ] as non-dispositive of the question of whether an original action in district court, for federal common law bad faith, is permissible." Appellants' Opening Brief at 36.
 
 
 19
 This argument is frivolous. The fact that the Lea plaintiffs did not raise the federal common law claim in the complaint is a mere procedural incident, unrelated to the reasoning in which the Lea court's holding is grounded. It does not qualify as a reasoned argument for extension or modification of existing law.
 
 
 20
 We find equally meritless Bachrach's contention that the district court imposed sanctions on the basis of an erroneous assessment of the case. The court ruled that Bachrach had violated Rule 11 twice: first, in asserting what he knew or should have known was a nonexistent cause of action and then offering to settle; second, in insisting on opposing the defendants' motion to dismiss the claim. Summary judgment order at 10-11, E.R. 7. The record supports this assessment of Bachrach's conduct.
 
 
 21
 Finally, Bachrach argues that Rule 11 sanctions may be imposed only if the court finds that the entire pleading is frivolous or improper. Because the complaint contained meritorious claims, Bachrach contends, the district court lacked authority to impose Rule 11 sanctions. Appellants' Opening Brief at 39-40 (relying on Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1540 (9th Cir.1986)).
 
 
 22
 In Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1363 (9th Cir.1990) (en banc), we explicitly rejected this interpretation of Rule 11. Id. at 1363 (citing, inter alia, Golden Eagle, 801 F.2d 1531). Recognizing that "it would ill serve the purposes of deterrents to allow, ... a 'safe harbor' for improper or unwarranted allegations," we ruled that Rule 11 sanctions are proper when the court concludes that an attorney has not conducted "reasonable inquiry under all of the circumstances" even though the pleading or paper contains nonfrivolous claims. Id. at 1361-64. The fact that Bachrach joined the frivolous claims with possibly nonfrivolous claims does not immunize him from Rule 11 liability.
 
 
 23
 We affirm the district court's decision to impose Rule 11 sanctions.
 
 
 24
 V. DEFENDANT'S REQUEST FOR ATTORNEY FEES ON APPEAL
 
 
 25
 The defendant-appellees claim that they are entitled under 29 U.S.C. Sec. 1132(g) to an award of attorney fees incurred as a result of this appeal. We agree. An award of fees in this appeal is appropriate under Hummell for the same reasons that fees were properly awarded below. See Mavity v. American Protectors Ins. Co., No. CIV 90-1059 at 5-6 (D.Ariz. 16 August 1991) (Order of summary judgment and dismissal); Hummell, 643 F.2d at 453. Accordingly, we grant the defendant-appellees' request for attorney fees.[4]
 
 
 26
 The judgment of the district court is AFFIRMED and the appellees' request for attorney fees is granted.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Indeed, the record contains no evidence that General American ever actually denied the Mavitys' claims. Rather, the record indicates that the insurance company's correspondence with the Mavitys was to the effect that it was suspending payment on the Mavitys' claims until it resolved the overpayment and primary carrier problems with United Businessmens Trust (UBT). The record shows that General American kept the Mavitys informed on the progress it was making with UBT and that, after it received reimbursement from UBT, it paid all of the claims for which it was liable
 
 
 [2]
 The Mavitys' reliance on Adams v. Koppers Co., Inc., 684 F.Supp. 399 (W.D.Pa.1988), is misplaced. Adams concerned the standard for ruling on a motion to dismiss on the pleadings. The standard for granting summary judgment differs from the standard for granting dismissal on the pleadings. See Celotex, 477 U.S. at 323-24 (standard for summary judgment mirrors standard for granting directed verdict
 
 
 [3]
 Issues 2 through 5 listed in Appellants' Opening Brief at 22-23
 
 
 [4]
 We decline to impose other sanctions or costs