Joan EDDY, Executor of the Estate of James Peter Eddy, Plaintiff,

v.

COLONIAL LIFE INSURANCE COMPANY OF AMERICA, Defendant.

Civ. A. No. 88–1038 (NHJ).

United States District Court, D. Columbia.

Feb. 14, 1994.

Dale Edwin Sanders, Patricia Ann Smith, Sanders, O'Donnell & Smith, Alexandria, VA, for James Peter Eddy.

Frank James Martell, Martell, Donnelly, Grimaldi & Gallagher, Mitchell Alan Stearn, Gilberg & Kurent, Washington, DC, for Colonial Life Ins. Co. of America.

William Daniel Quarles, Venable, Baetjer, Howard & Civiletti, Washington, DC, John H. Morris, Jr., Venable, Baetjer and Howard, Baltimore, MD, for Four Seas & Seven Winds, Inc.

## MEMORANDUM ORDER

NORMA HOLLOWAY JOHNSON, District Judge.

### BACKGROUND

This is an action under the Employee Retirement Income Security Act (ERISA) to enforce the rights of plaintiff's decedent under his group insurance plan. This Court entered judgment for the defendant, which was reversed and remanded on appeal. *See Eddy v. Colonial Life Ins.*, 919 F.2d 747 (D.C.Cir.1990). This Court subsequently entered judgment on behalf of the plaintiff in the amount of $23,811.39.

Presently pending is plaintiff's petition for attorneys' fees and costs. This Court referred the petition to Magistrate Judge Patrick J. Attridge for report and recommendation. On January 8, 1993, the Magistrate Judge recommended that plaintiff's petition for attorney's fees be denied and that the

plaintiff be awarded costs in accordance with Fed.R.Civ.P. 54(d) and Local Rule 214.[1] Plaintiff filed objections in a timely fashion. Defendant's opposition and plaintiff's reply are also before the Court. Accordingly, the Court reviews the conclusions of the Magistrate Judge de novo. This Court adopts the report and recommendation denying plaintiff's attorney's fee petition.

## DISCUSSION

ERISA plainly commits the decision to award attorney's fees to the discretion of trial judges.[2] 29 U.S.C. § 1132(g)(1) (1988) provides, in pertinent part:

> In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and cost of action to either party.

This Circuit has not had occasion to adopt a definitive legal standard or set of factors to inform trial court discretion on the issue of attorneys' fees under ERISA. More specifically, the Court of Appeals has refrained from choosing from among the more "lenient" standard articulated in Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (prevailing party should ordinarily recover attorneys' fees absent special circumstances rendering an award unjust), and the more stringent, ERISA-specific rule of Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980) (promoting a five factor test for when attorneys' fees and costs are appropriately awarded under ERISA). See Grand Union Co. v. Food Employers Labor Relations Assn., 808 F.2d 66, 71–72 (D.C.Cir.1987) (declining to select "definitively" between these two potential standards); see also Greater Washington Bd. of Trade v. District of Columbia, No. 91–7061, 1992 WL 135563, at 3 1992 U.S.App. LEXIS 11720, at *7 (D.C.Cir. Apr. 15, 1992). First and most importantly, the Court agrees with the Magistrate Judge's opinion that this case presents a situation in which a choice between the two standards is necessary.

This Court begins where the report and recommendation ended. The Magistrate Judge declined to adopt the Hensley presumption in favor of an award, which governs in civil rights cases. Although the Supreme Court in Hensley also interpreted a congressional decision to leave attorney's fees to "discretion," this Court agrees that the differing policy considerations underlying ERISA and the civil rights laws support case-by-case consideration of the propriety of a fee award in ERISA cases. As the Magistrate Judge noted,

> [W]hile the policies underlying ERISA are certainly important ones, they simply do not rise to the level, as some have suggested, of similarly worded fee shifting statues such as those which assure that all citizens are accorded their civil rights. Those provisions seek to encourage private litigants to vindicate national policy. "If [civil rights] plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest ... [in] the federal courts." Iron Workers Local [No. 272 v. Bowen, 624 F.2d 1255,] 1265 [ (5th Cir.1980) ]. The plaintiff [in this case] did not seek to vindicate national policy or advance the public interest. The plaintiff sought the recovery of benefits from a plan that were due him alone; he needed no incentive in the form of attorney's fees to bring this action.

Magistrate Judge's Report and Recommendation ("RR") at 6–7 (select citations omitted). An individual who has been denied

---

1. The unchallenged decision to award the prevailing plaintiff costs is adopted.

2. This case presents the odd situation where this Court is called upon to review de novo a matter statutorily committed to discretion. A more sensible standard of review in such situations might be "abuse of discretion," under which the Court of Appeals reviews discretionary rulings by trial judges. The Local Rules, however, make no provision for "abuse of discretion review" of reports and recommendations of attorney's fee petitions.

In this instance, the Court concurs with the conclusions and much of the reasoning of the Magistrate Judge. Even under the de novo standard of review, this Court is not required to articulate its reasons for overruling each of plaintiff's objections to a report and recommendation. Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir.1986). This Memorandum Order addresses those points of contention that the Court determines warrant written explanation.

insurance benefits needs less incentive to bring a lawsuit than a victim of unconstitutional government conduct, and such an individual should not as a matter of course be considered a "private attorney general." The Court adopts the decision to reject the *Hensley* presumption.

Given the Circuit's apparent framing of the issue as a distinct choice between *Hensley* and *Hummell, see Grand Union,* 808 F.2d at 71–72, the Magistrate applied *Hummell*'s five factor test.[3] The Court concurs with the Magistrate Judge's analysis of these factors. *See* RR at 4–6. Most significantly, the Court agrees that defendant did not act in bad faith and that the plaintiff's victory on the merits is sufficient deterrence for insurers and ERISA trustees in similar cases. The prospect of a fee award provides no significant extra deterrence.

A few specific challenges to the Magistrate Judge's analysis warrant further comment. Plaintiff argues that even under a *Hummell* regime, a prevailing section 1132 plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir.1985) (quoting *Landro v. Glendenning Motorways, Inc.,* 625 F.2d 1344, 1356 (8th Cir.1980)). This "special circumstances" rule adopts a *Hensley*-oriented presumption. This Court has rejected the presumptive analogy between section 1132 ERISA plaintiffs and civil rights plaintiffs and, hence, rejects the *Smith* approach. *Accord, Ellison v. Shenango Inc. Pension Bd.,* 956 F.2d 1268, 1274–75 (3d Cir.1992) (ERISA plaintiffs not necessarily private attorneys general); *Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1302 (6th Cir.1991). The Court adopts the Magistrate Judge's method of analyzing the *Hummell* factors without requiring "special circumstances" before denying a petition for attorneys fees.

Plaintiff also perceives inconsistencies in the Magistrate Judge's analysis of this case. Plaintiff rhetorically manufactures an inconsistency between the Magistrate Judge's conclusion that defendant's breach of fiduciary duty was not in bad faith and his opinion that this litigation did not resolve any significant legal issues under ERISA. Pl.'s Oppn. at 10 (citing RR at 4–5). While this argument may have surface appeal, the Court notes that plaintiff has failed to apply the same logic to plaintiff's own analysis. Plaintiff at once argues that defendant's position on the merits was "quite dubious," Pl.'s Oppn. at 11, and that the Court of Appeals decision created landmark case law on the scope of an ERISA fiduciary's duty to disclose. Applying the rigors of plaintiff's logic (e.g., how can landmark law be created when the losing party's position is dubious?), plaintiff also appears to be caught in self-contradiction.

The Court digs deeper into the Magistrate Judge's analysis and perceives the consistency in his approach. The Court of Appeals disagreed with this Court's 'narrow' construction of the scope of defendant's recognized duty. *See Eddy,* 919 F.2d 747. This is the basis for the Magistrate's conclusions that "[t]he question presented was not so much legal as factual." RR at 6. The Court concurs with his analysis.

Given the statutory commitment to "discretion," the Court adopts the Magistrate Judge's decision to apply *Hummell* and thereby deny plaintiff's petition for attorney's fees. The report and recommendation is adopted in all respects.

Accordingly, it is this 14th day of February, 1994,

ORDERED that plaintiff's petition for attorney's fees be, and hereby is, denied; and it is further

ORDERED that plaintiff be, and hereby is, awarded costs in accordance with Fed. R.Civ.P. 54(d) and Local Rule 214.

## REPORT AND RECOMMENDATION

ATTRIDGE, United States Magistrate Judge.

The plaintiff brought an action under the Employee Retirement Income Security Act

---

3. The Court notes that the five factor test originally was developed in the Tenth Circuit case, *Eaves v. Penn,* 587 F.2d 453 (10th Cir.1978).

(ERISA) to enforce the decedent's rights under his group insurance plan. The trial court rendered judgment for the insurer and, on appeal, the judgment was reversed and remanded. *See Eddy v. Colonial Life Ins. Co. of America,* 919 F.2d 747 (D.C.Cir.1990). The trial court subsequently granted the plaintiff's motion for entry of judgment. Judgment was entered in the amount of $23,-811.39. The matter has been referred for a report and recommendation on the plaintiff's petition for attorneys' fees and the defendant's objections thereto.

The plaintiff seeks to recover a total award of $63,224.07 which consists of $59,935.74 in attorneys' fees and $3,288.43 in costs. The defendant claims that the award of fees is unjustified and that the amount requested is excessive.

Upon consideration of the plaintiff's petition for attorneys' fees and costs, the plaintiff's amendment to and supplementation of its petition, the corresponding opposition and reply, the entire record, as well as applicable statutory and case law, the undersigned recommends, for the reasons stated below, that the plaintiff's petition be denied.

### A. *Analysis of Award of Attorney Fees*

The award of attorney's fees and costs in an ERISA action is discretionary and is governed by 29 U.S.C. § 1132(g)(1) which provides, in pertinent part:

> In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

The legal standard applicable in making the award determination is an unsettled question in this Circuit. *Greater Washington Board of Trade v. District of Columbia,* No. 91–7061, 1992 WL 135563 (D.C.Cir. Apr. 15, 1992). *See also Grand Union Company v. Food Employers Labor Relations Association,* 808 F.2d 66, 71 (D.C.Cir.1987). Other circuits are split over whether an award of attorneys fees under ERISA is truly discretionary, *see, e.g., Ellison v. Shenango,* 956 F.2d 1268 (3rd Cir.1992); *Gordon v. U.S. Steel,* 724 F.2d 106 (10th Cir.1983); *Janowski v. International Brotherhood of Team-*

*sters,* 673 F.2d 931 (7th Cir.1982), *vacated on other grounds* 463 U.S. 1222, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983); *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255 (5th Cir. 1980), or whether such fees should be awarded absent special circumstances making an award unjust. *See, e.g., Rodriguez v. MEBA Pension Trust,* 956 F.2d 468 (4th Cir.1992); *Smith v. CMTA–IAM,* 746 F.2d 587 (9th Cir.1984); *Gunderson v. W.R. Grace & Co. Long Term Disability Income Plan,* 874 F.2d 496 (8th Cir.1989); *Chambless v. Masters,* 815 F.2d 869 (2nd Cir.1987).

The D.C. Circuit frames the issue as whether the test for attorneys' fees is governed by the "lenient" standard of *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) or by the more "exacting" standard of *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir.1980). *Greater Washington Board of Trade, supra; see also Grand Union, supra* at 71. *Hensley* provides that prevailing parties should ordinarily recover attorneys fees unless special circumstances would render an award unjust whereas *Hummell* sets forth a five factor test. Satisfaction of the demanding *Hummell* standard precludes application of the lenient *Hensley* standard. *Greater Washington Board of Trade, supra; Grand Union, supra,* at 71–72. Therefore, the present analysis begins with the *Hummell* standard.

In *Hummell,* the Ninth Circuit agreed with the Fifth and Tenth Circuits that courts should consider the following factors when deciding whether to award attorneys' fees and costs under ERISA: (1) losing party's bad faith; (2) losing party's ability to pay; (3) deterrent effect; (4) significance of legal issues and value of victory to plan participants; and (5) relative merits of parties' positions. *Greater Washington Board of Trade, supra* (citation omitted). No one of the *Hummell* factors is necessarily decisive and some may not be pertinent in a given case. *T.I.M.E.–D C, Inc. v. I.A.M. National Pension Fund,* 616 F.Supp. 400, 403 (D.C.D.C.1985) (citation omitted).

■■ The first inquiry in the *Hummell* analysis involves bad faith. This factor weighs against an award of attorney fees.

The existence of bad faith is a compelling factor favoring an award of fees. The absence of bad faith does not preclude awarding attorney fees since requiring it would render any attorney fee statute meaningless. *Id.* at 404. While fees have been awarded in ERISA actions in the absence of bad faith, *See e.g., Smith v. CMTA–IAM Pension Trust, Id.; T.I.M.E.–D C, Inc., supra,* it is merely one of four factors. Here the court of appeals held that the defendant breached its fiduciary duty to disclose once the plaintiff sought assistance. However, that breach does not constitute bad faith for, in remanding, the court of appeals further held that the trial court construed the defendant's fiduciary duty too narrowly, thus suggesting that the breach of fiduciary duty under the facts in this case was not an open and shut issue but one upon which reasonable persons could differ. In the absence of any other evidence of bad faith, the defendant's breach is insufficient to make this factor weigh in the plaintiff's favor.

The second prong of the five part test is the opposing party's ability to satisfy an award of fees. This factor favors an award. It is uncontested that the defendant is financially able to satisfy an award. The defendant objects to the amount requested.

The third factor is whether the award would have a deterrent effect on others under similar circumstances. This factor does not weigh in favor of an award. This case merely articulated more explicitly the already well-established scope of an insurance company's fiduciary duty to one of its insured. The standard derives from common law trust principles already familiar to the insurance community. The duty to disclose and inform was already recognized in other jurisdictions. *Eddy, supra,* at 750–751. An award of attorney fees will not necessarily deter noncompliance with a previously established standard just because a duty under that standard has now been explicitly enumerated.

■ The fourth factor is whether the party requesting an award of fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. This factor does not weigh in favor of an award. The plaintiff did not seek to benefit others in pursuing his claim. Eddy merely sought to collect medical benefits for himself and, upon his death, the executor of his estate sought life insurance benefits. While the plaintiff's subjective intent in bringing this action need not have been altruistic, *Reinking v. Philadelphia American Life Ins. Co.,* 910 F.2d 1210 (4th Cir.1990), he has not shown that there are any others who will benefit because of this litigation. Nor does this litigation resolve any significant legal question regarding ERISA. This litigation merely emphasized the expansive scope of a fiduciary's responsibility. The common law of trusts defines the general scope of the fiduciary's responsibility. *Eddy, supra,* at 750. The duty to disclose and inform is a well-established duty within that scope. *Id.* at 751 (citations omitted). As the reviewing court noted: "[T]his duty to communicate complete and correct material information about a beneficiary's status and options is not a novel one" and, it is well-rooted in the common law of trusts. *Id.* at 751, 752. The question presented was not so much legal as factual.

The fifth factor in the fee determination under *Hummell* is the relative merits of the parties' positions. This factor does not weigh in the plaintiff's favor. The district court found that the defendant breached no duty. The court of appeals held that the district court's determination of the scope of the defendant's fiduciary duty was too narrow. Thus the merits of the parties' respective litigation positions were relatively close. The outcome was dependent more upon the sufficiency of the evidence than the conduct of the parties. Taken together, the five *Hummell* factors do not warrant an attorneys' fees award.

■ The undersigned finds *Iron Workers Local No. 272 v. Bowen, supra,* and Judge Wilkinson's dissent in *Rodriguez v. MEBA Pension Trust, supra,* persuasive in reaching the conclusion that while the policies underlying ERISA are certainly important ones, they simply do not rise to the level, as some have suggested, of similarly worded fee shifting statutes such as those which assure that all citizens are accorded their civil rights.

*See, e.g.,* 42 U.S.C. § 2000a–3(b); 20 U.S.C. § 1617. Those provisions seek to encourage private litigants to vindicate national policy. "If such 'plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts.'" *Iron Workers Local, supra* at 1265, *citing Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). The plaintiff did not seek to vindicate national policy or advance the public interest. The plaintiff sought the recovery of benefits from a plan that were due him alone; he needed no incentive in the form of attorneys' fees to bring this action. Moreover, no benefit was conferred on society as a result of the plaintiff's victory. This Court should continue to exercise its discretion in awarding attorney fees under ERISA, as specifically provided by 29 U.S.C. § 1132(g)(1), by applying the *Hummell* standard and rejecting the *Hensley* presumption that prevailing employees under ERISA should ordinarily be awarded attorney fees. Since the *Hummell* factors do not weigh in favor of an award, the plaintiff's petition for attorneys' fees should be denied.

### B. *Costs*

As the prevailing party, the plaintiff is entitled to costs as provided by Fed.R.Civ.P. 54(d) and Local Rule 214 which references the bill of costs and lists those costs taxable by the clerk.

### C. *Conclusions*

For the foregoing reasons, it is this 8th day of January, 1993:

RECOMMENDED that the plaintiff's petition for attorneys' fees be denied and that costs be entered in accordance Fed.R.Civ.P. 54(d) and Local Rule 214.

Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).