**Burton H. HUMMELL, Plaintiff–Appellee,**

**v.**

**S. E. RYKOFF & CO., a corporation; D. M. Hansen, as Administrator of the S. E. Rykoff & Co. Profit–Sharing Trust Plan and S. E. Rykoff & Co. Amended Profit–Sharing Plan; Roger W. Coleman, as a member of the Advisory Committee of the S. E. Rykoff & Co. Profit–Sharing Trust Plan and S. E. Rykoff & Co. Amended Profit–Sharing Plan; and Samuel H. Maslon, as a member of the Advisory Committee of the S. E. Rykoff & Co. Profit–Sharing Trust Plan and S. E. Rykoff & Co. Amended Profit–Sharing Plan, Defendants–Appellants.**

**Nos. 79–3165, 79–3178.**

United States Court of Appeals, Ninth Circuit.

Argued Nov. 3, 1980.

Submitted Nov. 17, 1980.

Decided Dec. 22, 1980.

Arthur Grebow, Cruikshank, Antin & Grebow, Beverly Hills, Cal., for Hummell.

Hyman Edelman, Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Minneapolis, Minn., for Hansen.

Before WRIGHT and ALARCON, Circuit Judges, and SPEARS, Senior District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

## I. INTRODUCTION

Appellants S. E. Rykoff and Co., et al (Rykoff) appeal the district court's determination that the anticompetitive forfeiture clause in the S. E. Rykoff & Co. Profit–Sharing Trust Plan (Plan) violates the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (1975). Appellee Hummell cross–appeals for attorneys' fees. We affirm in part and remand in part.

* Of the Western District of Texas.

## II. FACTS

### A. *Rykoff's Profit–Sharing Plan*

Rykoff established a profit–sharing plan for its employees in 1966. It contained a forfeiture or "bad boy" provision which required forfeiture of all of a participating employee's accrued benefits if he or she became a business competitor with Rykoff within two years after leaving Rykoff.

Congress passed ERISA in 1974. The Act provides minimum vesting standards for employee benefits and defines permissible forfeitures. 29 U.S.C. § 1053 (1975) (herein § 1053). One of the primary purposes of the Act is to insure that plan participants do not lose vested benefits because of "unduly restrictive" forfeiture provisions.[1] It applies to plan years effective January 1, 1976.

In 1976, Rykoff amended its plan to comply with ERISA. It narrowed the anticompetitive forfeiture provision to provide that if Rykoff learns that any former plan participant is employed by a competitor, the Plan Advisory Committee may direct the plan trustee to forfeit a percentage of the participant's benefits derived from company contributions. Section 9.10 Vested contributions by Rykoff and the participant's contributions are not forfeited.

The provision applies only to participants with less than 15 years experience with Rykoff. Those with 15 years or more are fully vested, regardless of any competitive activity.

Section 9.10 includes a vesting schedule to establish what percentage of a participant's interest derived from Rykoff's contribution is forfeited if he or she engages in competitive work.

| Years of Service With Employer | Forfeited % of Interest from Employer |
|---|---|
| 5 | 75% |
| 6 | 70 |
| 7 | 65 |
| 8 | 60 |
| 9 | 55 |
| 10 | 50 |
| 11 | 40 |
| 12 | 30 |
| 13 | 20 |
| 14 | 10 |
| 15 or more | 0 |

A different vesting schedule applies to benefits of plan participants with less than 15 years of service who terminate but do not engage in competitive activity. Section 9.05. Their interests are 100% vested after 10 years.

| Years of Service with Employer | % of Nonforfeitable Accrued Benefits |
|---|---|
| service less than 5 years | 0 |
| at least 5 | 50 |
| at least 6 | 60 |
| at least 7 | 70 |
| at least 8 | 80 |
| at least 9 | 90 |
| at least 10 or more | 100 |

On September 15, 1977, the Los Angeles Office of the Internal Revenue Service issued a determination letter granting Rykoff's plan qualified status.

### B. *Hummell's Termination and Benefits*

Appellee Burton Hummell (Hummell) terminated his employment with Rykoff after 11 years of service on September 23, 1976. He left to work for a competitor.

On October 21, 1977, the Advisory Committee directed the plan trustee to forfeit 40% (or $28,982.74) of Hummell's accrued benefits because of his post–employment competitive activity. The Committee arrived at the 40% figure by reference to the vesting schedule in Section 9.10.

Hummell appealed the decision to the Advisory Committee and lost. He then sued in district court which granted him summary judgment, holding the forfeiture provision violated ERISA. It declined to award attorney's fees to Hummell.

---

1. H.Rept.No. 93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News, pp. 4639, 4670, 4677, 4719; Sen.Rept. No. 93– 383, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News, pp. 4890, 4898.

## III.  DISCUSSION

### A.  *The Validity of Limited Forfeiture Provisions Under ERISA*

■ We are asked to decide whether Rykoff's forfeiture provision violates ERISA. The initial issue is whether ERISA permits limited forfeiture provisions, a question of first impression in this circuit.

### 1.  *The Statute*

ERISA requires private pension plans to provide that an employee's right to his or her normal retirement benefit is nonforfeitable upon the attainment of normal retirement age.  § 1053(a).  In addition, an employee's rights in his accrued benefit derived from his contributions must be nonforfeitable, § 1053(a)(1), and the plan must satisfy one of three minimum vesting schedules.  § 1053(a)(2).

The first alternative vesting schedule provides that an employee with at least 10 years of service must have "a nonforfeitable right to 100% of his accrued benefit derived from employer contributions." § 1053(a)(2)(A).  There is no requirement for vesting of any lesser percentage of benefits before the required 10 years of service.

The schedule in subparagraph (a)(2)(B) provides graduated vesting.  An employee with at least 5 years of service must have a nonforfeitable right to a percentage of his accrued benefit derived from employer contributions, which percentage is not less than the percentage determined under the following table:

| Years of Service | Nonforfeitable % |
|---|---|
| 5 | 25 |
| 6 | 30 |
| 7 | 35 |
| 8 | 40 |
| 9 | 45 |
| 10 | 50 |
| 11 | 60 |
| 12 | 70 |
| 13 | 80 |
| 14 | 90 |
| 15 or more | 100 |

Subparagraph (a)(2)(C) offers a vesting formula based on the sum of an employee's age and service.[2]

Permitted forfeitures of accrued benefits from employer contributions are in paragraphs (A)–(D) of § 1053(a)(3).  They do not include anticompetitive forfeiture provisions or refer to the forfeitability of benefits which exceed the minimum vesting requirements in § 1053(a)(2)(A)–(C).

The legislative history indicates that with these limited exceptions, *vested* employee rights cannot be forfeited *for any reason.*  House Rep.No. 93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad. News, pp. 4725–26;  Senate Rep.No. 93–127, 93d Cong., 2d Sess., *reprinted in* [1974] U.S. Code Cong. & Ad.News, pp. 4934–35;  Conference Rep.No. 93–1280, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News, p. 5052.

### 2.  *Interpretation of the Statute*

The district court construed the statute to prohibit any anticompetitive forfeiture provision.  Recent decisions in other circuits and Treasury Reg. § 1.411(a)–4 suggest this interpretation is erroneous.

A Treasury Regulation addressing the minimum vesting schedules interprets ERISA's proscription against forfeiture of vested rights to mean non–vested rights are forfeitable:

> To the extent that rights are not required to be nonforfeitable to satisfy the minimum vesting standards, or the nondiscrimination requirements of Section 401(a)(4), they may be forfeited without regard to the limitations on forfeitability required by this section.

26 C.F.R. § 1.411(a)–4.[3]

---

2.  This option is also known as the "Rule of 45." It is not at issue in this case.

3.  This Treasury Regulation and others discussed herein were issued under the Internal Revenue Code requirements for pension plans. 26 *U.S.C.* § 411(a) (1976).  ERISA provides they apply to analogous provisions of ERISA. 29 U.S.C. § 1202(c) (1975).

*Hepple v. Roberts & Dybdahl*, 622 F.2d 962 (8th Cir. 1980) and *Fremont v. McGraw–Edison Co.*, 606 F.2d 752 (7th Cir. 1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1599, 63 L.Ed.2d 786 (1980), offer the same interpretation. In *Fremont*, the Seventh Circuit considered whether a plan participant's theft of company property prior to his resignation rendered him ineligible to receive benefits under the company profit–sharing plan. 606 F.2d at 753. The employee had been with the company for six years. The profit–sharing plan contained a forfeiture clause providing that an employee with less than 10 years of service who steals company property forfeits his accrued benefits. *Id.* at 759 n. 11. The plan's vesting schedule complied with the 10 year 100% option in § 1053(a)(2)(A). *Id.* at 760. The court held the forfeiture provision did not violate ERISA because it did not

> affect any nonforfeitable interests. Under § [1053] the interests of an employee who has been with the contributor employer less than 10 years may be forfeitable if the Plan complies with § [1053](a)(2)(A).

*Id.*

In *Hepple*, the Eighth Circuit analyzed a similar forfeiture provision. The employer's plan provided for

> forfeiture of employer contributions for the benefit of employees with less than ten years of service who later compete with the employer.

622 F.2d at 963. The vesting schedule tracked the requirements of § 1053(a)(2)(A). *Id.* at 965 n.1.

Hepple terminated his employment after six years of service and went to work for a competitor. *Id.* at 963. The balance in his Employer Contribution Account was declared forfeit. *Id.*

The court examined the statutory language and legislative history and concluded nothing in ERISA prohibits

> a plan's providing for forfeiture of benefits when the affected benefits are in excess of the minimum vesting requirements of 29 U.S.C. § 1053.

*Id.* at 965. It found support for this conclusion in Treasury Reg. § 1.411(a)–(4) and *Fremont. Id.* at 966–67.[4]

We find these opinions persuasive. We hold ERISA does not prohibit forfeiture of benefits in excess of the minimum vesting requirements in § 1053.

## B. *Rykoff's Plan*

█ Our holding that ERISA permits limited forfeitures does not resolve the validity of Rykoff's plan. The question remains whether Rykoff may apply the 15–year graded vesting schedule to employees who violate the anticompetitive clause and the 10–year 100% vesting schedule to all other employees.

The statute says that *a plan* must satisfy the requirements of subparagraph § 1053(a)(2)(A), (B), *or* (C). It says nothing about applying option (A) to some employees and (B) to others.

The legislative history repeatedly says *a plan* must satisfy one of the three *alternative* vesting standards.[5] However, different plans for different groups of employees, such as highly mobile employees, are permissible as long as the combined effect of the plans is nondiscriminatory.[6]

---

4. The court also relied on *Nedrow v. MacFarlane & Hays Co. Employees' Profit Sharing Plan and Trust*, 476 F.Supp. 934 (E.D.Mich. 1979) (ERISA does not prohibit forfeiture of benefits in excess of the minimum non–forfeitable percentages).

5. *See* H.Rep.No. 93–533, 93d Cong., 2d Sess. *reprinted in* [1974] U.S.Code Cong. & Ad.News, p. 4661; H.Rep.No. 93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News, p. 4720; H.Conf.Rep.No. 95–1280, 93d Cong., 2d Sess., *reprinted in* [1974] U.S. Code Cong. & Ad.News, p. 5050.

6. The legislative history indicates that Congress was concerned that highly mobile employees, such as engineers, should derive benefits from pension plans. Accordingly, it provided that employers could set up different plans with faster vesting but lower benefits for these employees. H.Rep.No., 93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News, p. 4688; H.Conf.Rep.No. 93–1280, 93d Cong., 2d Sess., *reprinted in* [1974] U.S. Code Cong. & Ad.News, p. 5063.

A Treasury Regulation says that composite arrangements are permissible as long as the plan satisfies all requirements of *one* vesting option for all of *an employee's* years of service. 26 C.F.R. § 1.411(a)–3(a)(2). A plan which, for example, satisfies the requirements of paragraph [§ 1053 (a)(2)(A)] (but not [(B) or (C)]) for an employee's first 9 years of service and satisfies the requirements of paragraph [(B)] (but not [(A)]) for all his remaining years of service, does not satisfy the requirements of this section. A plan is not precluded from satisfying the requirement of one such paragraph with respect to one group of employees and another such paragraph with respect to another group provided that the groups are not so structured as to evade the requirements of this paragraph. For example, if plan A provides that employees who commence participation before age 30 are subject to the "rule of 45" vesting schedule and employees who commence participation after age 30 are subject to the full vesting after 10 years schedule, plan A would be so structured as to evade the requirements of this paragraph.

*Id.*

The Treasury Regulation also indicates rights which are nonforfeitable under the minimum vesting standards are *prospectively* nonforfeitable and may not be forfeited unless they are in excess of the vesting standards. § 1.411(a)(4)(a). The example accompanying this section provides

Example (1). Corporations A's plan provides that an employee is fully vested in his employer–derived accrued benefit after completion of 5 years of service. The plan also provides that, if an employee works for a competitor he forfeits his rights in the plan. Such provision could result in the forfeiture of an employee's rights which are required to be nonforfeitable under section 411 and therefore the plan would not satisfy the requirements of section 411. If the plan limited the forfeiture to employees who completed less than 10 years of service, the plan

would not fail to satisfy the requirements of section 411 because the forfeitures under this provision are limited to rights which are in excess of the minimum required to be nonforfeitable under section 411(a)(2)(A).

§ 1.411(a)–4(c).

Taken together, the statute, the legislative history, and Treasury Regulations indicate that Congress intended to determine forfeitable benefits by referring to the same statutory schedule with which the plan's vesting schedule complies. For example, a plan with a minimum vesting schedule satisfying the 10–year 100% option in § 1053(a)(2)(A) may forfeit 100% of an employee's employer–derived accrued benefits until the employee completes 10 years of service. A plan with a vesting schedule satisfying the requirements of § 1053(a)(2)(B) may forfeit employer–derived accrued benefits in accordance with the 15–year graded schedule in the statute.

*Hepple* and *Nedrow v. MacFarlane & Hays Co. Employees' Profit Sharing Plan & Trust*, 476 F.Supp. 934 (E.D.Mich.1979) support our interpretation. In each case, the court found the anticompetition clause valid because the provision affected only those rights in excess of the minimum required to be nonforfeitable under the statutory vesting option that the plan's vesting schedule satisfied.

In *Hepple*, the employer chose to follow the 10–year 100% vesting option in § 1053(a)(2)(A). 622 F.2d at 965 n. 1. The Eighth Circuit held the forfeiture provision valid because it affected only the rights of employees with less than 10 years of service. *Id.* at 965. The court commented

the Plan's non–competition clause would be void under the Act if it affected the rights of employees with ten or more years of service.

*Id.*

In *Nedrow*, the district court was faced with the question "what is the rate at which the pension contributions are nonforfeitable?" *Id.* at 937. The profit–sharing

plan provided an 11–year graduated vesting schedule. *Id.* at 935. It included also an anticompetitive forfeiture provision applicable if an employee left the company with less than 10 years of service. *Id.* The court stated it should construe the plan to make it legal, if possible. *Id.* at 937.

The court arrived at the rate of nonforfeitability by determining which statutory minimum vesting option the plan's vesting schedule satisfied. *Id.* at 937. It found the schedule would require substantive changes to meet the requirements of § 1053(a)(2)(A) but could be adjusted easily to satisfy § 1053(a)(2)(B). *Id.* In conformance with (B), the court left the vesting schedule unchanged but held the rate of nonforfeitability would be determined by the 5–to–15 year graded schedule in (B). *Id.*

We agree with *Nedrow* that we should if possible construe Rykoff's plan to make it legal. Applying our interpretation to Rykoff's plan, we find the forfeiture clause must be altered to comply with ERISA. Rykoff's graduated 10–year vesting schedule tracks § 1053(a)(2)(A).[7] The forfeiture provision must be adjusted to apply only to that percentage of the vested contributions that may be forfeited lawfully under § 1053(a)(2)(A). This means employees with less than 10 years experience who violate the forfeiture provision forfeit 100% of employer contributed accrued benefits. Those with 10 or more years experience are 100% vested in their benefits.

Hummell had 11 years of service. Accordingly, he was 100% vested in his benefits and not subject to the anticompetitive forfeiture provision. He is entitled to reinstatement of $28,982.74 to his account.

■ We will affirm a district court's decision if it is correct, even if the court relied on a wrong ground or gave a wrong

ground. *Helvering v. Gowran*, 302 U.S. 238 (1937); *Huntington Beach Union High School Dist. v. Continental Information Systems Corp.*, 621 F.2d 353, 358 (9th Cir. 1980). The district court based its determination that the anticompetition forfeiture clause violated ERISA on its erroneous conclusion that ERISA prohibits such clauses. Nonetheless, the result was correct. For the reasons given above, we affirm.[8]

### C. Attorneys Fees

Under 29 U.S.C. § 1132(g) (1975), a court in its discretion may award fees and costs of an action by a plan participant to either party. Without comment, the district court declined to award fees to Hummell and ordered each side to bear its costs. Hummell cross–appeals for an award of fees.

■ The award of fees under ERISA is a matter of first impression in this circuit. Since the statute commits the allowance of fees to the district court's discretion, its determination should be reversed only for abuse of discretion. *See Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980); *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980); *Fase v. Seafarers Welfare & Pension Fund*, 589 F.2d 112, 116 (2d Cir. 1978).

An abuse of discretion is found only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors. *Pue v. Sillas*, 632 F.2d 74 at 78 (9th Cir., 1980). Since the trial court rendered its decision without discussion, we are unable to apply this standard of review. We remand to the district court to allow it to state the reasons for its decision. *Accord, Iron Workers, supra* (fees issue remanded because court of appeals could not review

---

7. Although Rykoff's schedule is more liberal than § 1053(a)(2)(A) requires because it allows vesting to accumulate before 10 years of service, we need not alter it. ERISA's legislative history and the Treasury Regulations indicate a plan may provide a vesting schedule more liberal than the statutory minimum.

8. Rykoff also argues Hummell's action is barred by res judicata based on the IRS determination letter granting the plan qualified status. This is an affirmative defense raised for the first time on appeal. Failure to raise it below results in waiver. *Santos v. Alaska Bar Association*, 618 F.2d 575, 576–77 (9th Cir. 1980).

for abuse of discretion "without benefit of the lower court's reason for deciding as it did").

We agree with the Fifth and Tenth Circuits that district courts should have guidelines to apply in the exercise of their discretion under § 1132(g). They should consider these factors among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Iron Workers, supra; Eaves v. Penn*, 587 F.2d 453, 465 (10th Cir. 1978).

The matter of attorneys fees is remanded to allow the district court to consider the relevant factors and to provide reasons for its decision.

AFFIRMED IN PART; REMANDED IN PART.