**Glenn W. DANKS, Plaintiff,**

v.

**CONTINENTAL COPPER & STEEL INDUSTRIES, INC., et al., Defendants.**

**Civ. No. 83–44.**

United States District Court,
D. New Jersey.

March 14, 1984.

Robert J. Lenrow, Cresskill, N.J., for plaintiff.

Hall, Dickler, Lawler, Kent & Howley by Landis Olesker and Paul Sarno, New York City, for defendants.

## OPINION

HAROLD A. ACKERMAN, District Judge.

THE COURT: This is an action brought pursuant to the Employee Retirement Income Security Act (ERISA). Plaintiff, Glenn W. Danks, a former employee of Defendant Continental Copper & Steel Industries, Inc. (CCS), now known as "CCX", seeks to recover benefits allegedly due him under CCS's employee benefit plan, which provides, inter alia, pension and retirement benefits for CCS employees. Also named as defendants is the Amended Continental Copper & Steel Industries, Inc. Retirement Income Plan for Salaried Employees (Plan), which became effective on January 1, 1976, pursuant to the mandate of ERISA. This Plan is the successor of the previous "Old Plan" which became effective on July 1, 1959.

This matter is presently before me on Plaintiff's and Defendants' Motion for Summary Judgment solely on the issue of liability. Rule 56 of the Federal Rules of Civil Procedure provides the standard by which I must judge all Motions for Summary Judgment: to wit, that such Motions are not to be granted unless, after all reasonable inferences are drawn in favor of the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.

See *DeLong Corp. v. Raymond International,* 622 F.2d 1135 (3d Cir.1980).

The parties are in agreement that no disputed material issue of fact exists on the question of liability, with the issue turning solely on the interpretation of ERISA and the terms of the Defendant Plan and its predecessor.

The facts pertinent to this Motion are as follows: Plaintiff was employed by the Defendant for two different periods of time—first, beginning in May of 1953 and lasting continuously until December of 1966; and second, beginning in January of 1978 and lasting continuously until April 30, 1981. It is undisputed that when Plaintiff left his job with CCS the first time (in 1966), he had no entitlement to any retirement income or benefits from the Plan in effect at that time. Any such entitlement, must, Plaintiff recognizes, come from the cumulative or aggregated effect of adding together these two periods of employment.

Plaintiff asserts that these two periods must, either under the Plan or under ERISA, be added together for the purpose of determining Plaintiff's entitlement to retirement benefits, or more precisely, his "vested" or nonforfeitable rights to those benefits. Defendants respond that adding together Plaintiff's two periods of employment is inappropriate for these purposes, contending that Plaintiff thus has no right to any retirement benefits. To resolve this issue, I turn first to the provisions of ERISA.

ERISA is a remedial statute enacted to protect beneficiaries of retirement plans by reducing the risk of loss of pension benefits. *Duchow v. New York State Teamsters Conference Pension & Retirement Fund,* 691 F.2d 74 (2d Cir.1982).

One of the primary purposes of the Act was to ensure that plan participants do not lose vested benefits because of unduly restrictive forfeiture provisions. *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446 (9th Cir.1980).

Congress did not, however, intend for the relevant sections of ERISA to apply retro-

actively. *Smith v. CMTA–IAM Pension Trust,* 654 F.2d 650 (9th Cir.1981). To vest rights under the Act which were otherwise previously forfeited by employees under valid pre-1976 plans would, as the 9th Circuit has stated, "be tantamount to giving (the Act) retroactive effect. This is precisely the situation Congress intended to prevent by delaying the effective date ..." until 1976. See Page 657 of that Opinion.

■ The relevant statutory section here is, the parties agree, Section 203(b) of ERISA codified at 29 U.S.C. Section 1053(b). This section begins by laying out the basic rule that under ERISA *all* of an employee's years of service must be taken into account in making the determination as to whether the employee has worked long enough for his or her benefits to vest—with certain specified exceptions. Among them is Exception (F), which provides that years of service before the effective date of the section (1976) may be disregarded by a post-ERISA plan if such service would in fact have been disregarded by the corresponding pre-ERISA plan then in effect.

Here, prior to its amendment to conform to ERISA, the Defendant Plan required a participant like Plaintiff to have 15 years of continuous service in order to be entitled to any vested pension benefit. See Sections 3.4 and 3.5 of the Old Plan. Section 11.3 of the Old Plan in turn provided that "any employee whose services with the company has terminated ... shall, ... if he is re-employed ..., be treated the same as any other newly employed person."

Thus it is clear that Plaintiff's pre-ERISA first 13½-year period of service was insufficient in and of itself to entitle him to vested benefits, and that had he been re-employed thereafter (while the Old Plan was in effect), his earlier years would have been disregarded for vesting purposes. Under Exception (F), therefore, the Defendants' Revised Plan was entitled to ignore Plaintiff's first period of employment in computing his vested rights to retirement benefits.

■ The next issue is then whether the Defendants' Revised Plan does in fact provide for disregarding such a pre-1976 period of employment. Section 5.4(b) of the Defendant Plan provides the answer by stating that: "An Employee's participation in this Plan shall terminate and Years of Service commencing after January 1, 1976 cancelled if the number of consecutive Breaks-in-Service after January 1, 1976 equals or exceeds his Years of Service after such date preceding such consecutive Breaks-in-Service, .... The aggregate number of Years of Service before a Break shall not be deemed to include any Years of Service not required to be taken into account by reason of any prior Breaks-in-Service."

This section, although perhaps somewhat inartfully drafted, means that ERISA's Break-in-Service rules apply only with respect to Years of Service commencing 1976 or later. Years of Service commencing prior to 1976 are to be calculated under different rules—the rules of the Plan as in effect prior to January 1, 1976. This is confirmed by the last sentence of this section, which can only be read to mean that pre-1976 Years of Service are not to be taken into account if they are not required to be counted by reason of any pre-1976 Break-in-Service.

Thus this section does incorporate the provisions of Exception (F) by treating pre-1976 service by the use of the pre-1976 rules. Plaintiff's 13 years of pre-1976 service would, therefore, *not* be added to his three years of post-1976 service in computing his vested rights.

Plaintiff, however, asserts that Section 203(b)(3)(D) of the Act, 29 U.S.C. Section 1053(b)(3)(D) requires that the two periods be aggregated for these purposes. This section provides that: "(D) For purposes of paragraph (1), in the case of a participant who, under the plan, does not have any nonforfeitable right to an accrued benefit derived from employer contributions, years of service before any 1-year break in service shall not be required to be taken into account if the number of consecutive 1-year

breaks in service equals or exceeds the aggregate number of such years of service prior to such break. Such aggregate number of years of service before such break shall be deemed not to include any years of service not required to be taken into account under this subparagraph by reason of any prior break in service."

Plaintiff contends that ERISA requires that his two periods of employment be considered together since his nonworking interval of approximately 12 years was shorter than his first 13-year period of work. While Plaintiff's logic is impeccable, his premise is flawed: It is well settled that Section D along with the rest of this chapter of ERISA does not apply retroactively, to cover service prior to 1976; instead applying only to post-1976 employment and post-1976 plans. See, for example, *Smith v. CMTA–IAM Pension Trust*, cited Supra; *Ponce v. Construction Laborers Pension Trust for Southern California*, 628 F.2d 537 (9th Cir.1980).

Because Plaintiff's first period of employment was in its entirety prior to the effective date of ERISA, I must conclude that this provision has no applicability to it. Plaintiff's argument must therefore fail.

In sum, I have determined that the Defendant Plan on its face forecloses any possibility of aggregating the two periods of Plaintiff's employment with Defendant CCS in determining Plaintiff's eligibility or right to vested retirement benefits. I have further concluded that the Plan in so doing does not violate the requirements of ERISA. Accordingly, I will grant Defendants' Motion for Summary Judgment, and I will sign the Order submitted by Defendants without, however, provision for attorneys fees.