**Kathy MAES, Plaintiff–Appellee,**

v.

**STANDARD INSURANCE COMPANY,
Defendant–Appellant.**

**and**

**Thoits Insurance Services Inc. Health
& Welfare Plan, Defendant.**

**Nos. 99–17463, 00–15492.
D.C. No. CV–98–0353 CRB.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided April 25, 2001.

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

MEMORANDUM *

Standard Insurance Company (Standard) appeals from a judgment entered against it after a three-day bench trial. Standard also appeals from the district court's order awarding attorneys' fees to Maes. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. We have jurisdiction over these timely filed appeals pursuant to 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.

Standard contends that it was entitled to rescind Maes's supplemental disability insurance policy because Maes made fraudulent misrepresentations in her Medical History Statement (MHS) with the intent to deceive. Standard argues that Maes, an experienced insurance industry professional, knowingly omitted information about her chronic back problem with the intent to induce Standard to issue the policy. Confining its review to the administrative record, the district court found that (1) Maes made no misrepresentations on the MHS, and (2) she did not intend to deceive Standard.

█ While the district judge's findings were based solely on the administrative record, "we have in numerous prior cases held that when a district judge tries a case on a written record without live testimony and makes findings of fact, 'we apply the "clearly erroneous" rule ... in reviewing the judge's findings.'" *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 n. 6 (9th Cir.1999) (citations omitted). "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'defi-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

nite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Construction Laborers Pension Trust,* 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (internal citation omitted). Application of the clearly erroneous standard often has real significance and, in this case, is outcome determinative. That we would have found the facts different had we been sitting as the trier of fact is immaterial.

■ The relevant clause of the Standard disability policy provides:

> After your insurance has been in effect for two years, no misrepresentation by you, except a fraudulent misrepresentation made with actual intent to deceive, will be used to reduce or deny your claim or to deny the validity of your insurance.

At issue are Maes's answers to three questions on the MHS:

1. Have you had any physical, mental or emotional condition, injury, or sickness in the past five years?

2. Have you consulted or been attended by a physician or practitioner for any cause during the past five years?

. . . . .

4. Have you ever been treated for, taken prescribed medication for, or been diagnosed as having any of the following

. . . . .

D. Arthritis, strained or injured back, slipped disc or any bone, joint or muscle disorder?

The MHS instructs applicants to "give details for any 'yes' answers," including "Description of Injuries, Disorders and Operations," and "Physicians Consulted."

The record indicates that Maes had suffered persistent and severe back pain for several years prior to filling out the MHS, and that she had consulted an osteopath and chiropractor for diagnosis and treatment. Maes complied by providing her history of chronic back problems on a *life* insurance application requesting the same information, but omitted this history upon applying for *disability* insurance. She listed only the flu and pre-menstrual syndrome (PMS) in response to questions one and two of the MHS. Second, she omitted any reference to the osteopath and chiropractor she had consulted in spite of the requests for "Physicians Consulted," listing only her primary physician. Finally, she represented that the statements contained in the MHS were "true and complete to the best of [her] knowledge."

The district court determined that Maes's omissions did not constitute misrepresentations, justifying her failure to provide the information on the basis of: (1) Maes's belief that her consistent back problem was not a distinct condition, but rather a symptom of her severe PMS; (2) her listing of her primary physician as the doctor with her complete medical records justified her failure to provide the names of "Physicians Consulted;" (3) the lack of space on the MHS (although the form encouraged adding a page, if needed); and (4) Maes's view that her fifty-eight chiropractic visits were a homeopathic remedy, rather than treatment by a physician or practitioner.

While the district judge's determination may be problematic, we are not left with the definite and firm conviction that he was wrong on the facts. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("If the [trial court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."). Because we affirm the district court's finding that Maes did not make any

misrepresentations on the MHS, we need not address her alleged intent to deceive.

 Standard next contends that the district court abused its discretion in granting Maes's motion for attorneys' fees and costs. We review the district court's award of attorneys' fees to this ERISA plaintiff for abuse of discretion. *See Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 407 (9th Cir.1997). We cannot reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *See Valley Eng'rs, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.1998).

 Under the civil enforcement provision of ERISA, a court may "in its discretion ... allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A five-factor test is applied to determine whether to grant attorneys' fees. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980). The *Hummell* factors include: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* "None of the *Hummell* factors is 'necessarily decisive'; various permutations and combinations can support an award of attorney fees." *Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir.1986). Section 1132(g)(1) provides a "level playing field;" that is, analysis must "focus only on the *Hummell* factors, without favoring one side or the other." *Estate of Shockley*, 130 F.3d at 407.

The record indicates that the district court evaluated Maes's claim under some *Hummell* factors and, based on that evaluation, granted the post-judgment motion for attorneys' fees. However, the district court's evaluation is inadequately spare and conclusory. The district court provided analysis for only two factors, and its discussion of one—the fourth *Hummell* factor—appears erroneous. The rest of the court's evaluation is merely cursory. Further, the *amount* of attorneys' fees awarded by the district court requires support. Therefore, we vacate the award of attorneys' fees, and remand for a proper application of the *Hummell* test and for a reasoned explanation of the amount awarded. Each side shall bear its own costs.

AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.