**Marvin GUTHART, Plaintiff–Appellant–Cross Appellee,**

v.

**Thomas WHITE et al., Defendants–Appellees–Cross Appellants.**

**Nos. 99–16007, 99–16051.**
**D.C. No. CV–97–00293 LDG.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2000.

Decided Sept. 5, 2001.

Before KOZINSKI, HAWKINS, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellant appeals the district court's award of fees against him in his action for health benefits allegedly due under a union trust fund.[1] Appellees cross-appeal the amount of the attorneys fee award in their favor. We reverse and remand with respect to Guthart's appeal, and dismiss the cross-appeal.

We review the district court's determination on an ERISA fees award for an abuse of discretion. *See Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980). We apply a five-factor test to determine whether an ERISA fee award is appropriate. *See id.* at 453. These factors include (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all plan participants or resolve a significant legal question; and (5) the relative merits of the parties' positions. *See id.; see also McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1172 (9th Cir.1999).

The district court found a fee award in favor of the defendants to be reasonable based, it appears, solely on the first factor, stating that "Guthart has claimed he worked as a journeyman, and ... Poser Electric represented to the Trust Fund that Guthart was working as a journeyman." The district court placed great emphasis on its finding that these statements were misrepresentations, but neither Guthart's characterization of himself as a journeyman, nor Poser Electric's classification of Guthart as a "class 1 (building construction)" employee establishes that Guthart acted in bad faith.

The district court apparently viewed Guthart's self-characterization as a "journeyman" as inaccurate, given his actual duties while employed at Poser Electric. Neither the record nor general usage, however, supports the district court's understanding of the term "journeyman" as describing only an electrician who performs certain specific tasks on a particular job. "Journeyman" ordinarily means a craftsperson who has achieved a certain level of professional training. *See, e.g.,*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Issues related to the merits are disposed of in a separate opinion filed simultaneously with this memorandum disposition.

Nev. Revised Stat. 624.260(7) (West 2001) (defining "journeyman" to mean: "a person who: (a) Is fully qualified to perform, without supervision, work in the classification in which he is applying for licensure; or (b) Has successfully completed: (1) A program of apprenticeship for the classification in which he is applying for licensure that has been approved by the state apprenticeship council; or (2) An equivalent program accepted by the board."). Guthart, it appears, is a qualified journeyman in this sense. There is nothing in the record to suggest that the union and the employer in this case intended the term to have any different meaning.[2] Thus, the district court's determination that Guthart misrepresented his status as a journeyman is without support in the record.

As for Poser Electric's alleged "misrepresentations" in the remittance sheets it submitted to the Trust Fund, the district court did not find, nor does the record show, that Guthart filled out the remittance sheets. Rather, the district court attributed those representations solely to Poser Electric, and faulted Guthart only for arguing that those representations were correct. The remittance sheets identify Guthart as a "class 1 (building construction)" employee. Nothing in the record suggests that that is an inaccurate description of Guthart's duties of job site supervision and estimating, much less that Guthart's argument to the contrary was in bad faith.

In short, although Guthart's counsel plainly misunderstood the import of § 186(c)(5) and misconstrued the CBA and

the Trust Agreement, we find no support in the record for the district court's finding that Guthart acted in bad faith in seeking to establish his eligibility for benefits. Although the district court recited the five *Hummell* factors, it did not apply them to the facts other than to state that Guthart acted in bad faith. We therefore vacate the award of fees, and remand for the district court to determine in the first instance whether a proper balancing of the *Hummell* factors favors an award of fees. *See Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 590–91 (9th Cir.1984).

Because we vacate the fee award, the cross-appeal is dismissed.

VACATED AND REMANDED

---

**2.** In finding Guthart's description of his job duties to be inconsistent with his self-characterization as a "journeyman," the district court quoted § 4.44 of the CBA, which states that only a journeyman can perform certain work. That section, however, does not indicate that an electrician who does not do those tasks is *not* a journeyman; it provides only that no one *other than* a journeyman can perform those tasks. Indeed, §§ 4.27 and 4.28 of the CBA explicitly recognize that individuals qualified by their experience as journeymen will work as foremen, and thus will perform work other than that described in § 4.44.