Jack K. WILBORN, Plaintiff—
Appellant,

v.

AMERICAN EXPRESS GROUP DISABILITY PLAN, Defendant—Appellee.

No. 01–55657.

D.C. No. CV–97–0387–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided March 12, 2002.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Appellant Jack Wilborn contends that the district court abused its discretion in refusing to reinstate his long-term disability benefits and in refusing to award him prejudgment interest thereon, pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* He also contends that the district court abused its discretion in denying his motion for attorney's fees and costs. We disagree.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.

The district court properly executed the terms of this Court's mandate, which prohibited it from awarding Wilborn past disability benefits. *See United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir.2000) (stating that the rule of the mandate requires the district court to execute the terms of this Court's mandate). In addition, "when ... the administrator construes a plan provision erroneously, the court should not itself decide whether benefits should be awarded but rather should remand to the administrator for it to make that decision under the plan, properly construed." *Saffle v. Sierra Pac. Power Co.*, 85 F.3d 455, 456 (9th Cir.1996). The district court therefore did not abuse its discretion in denying Wilborn's motion to amend the judgment.[1]

Similarly, the district court did not abuse its discretion in denying Wilborn's motion for attorney's fees and costs after considering the five *Hummell* factors. *See Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452–53 (9th Cir.1980).

**AFFIRMED.**

---

1. In light of our holding, we do not consider Wilborn's ancillary claim that he is entitled to prejudgment interest on an award of retroactive disability benefits.

