**SUN HEALTH CORPORATION, an Arizona corporation, as Administrator of the Sun Health Employee Health Plan, Plaintiff—Appellee,**

v.

**Barney ROJO, a single man; Lisa Rexes–Rojo, a single woman, Defendants—Appellants.**

No. 01–16077.
D.C. No. CV–99–01150–RGS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Aug. 2, 2002.

Before SCHROEDER, Chief Judge, FISHER and PAEZ, Circuit Judges.

MEMORANDUM *

Barney Rojo and Lisa Rexes–Rojo appeal from the district court's order deny-

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

ing their motion for attorney's fees in a case brought by Sun Health Corporation for reimbursement of health care costs under an ERISA plan.

The district court dismissed Sun Health's action because it did not seek relief the court could grant under 29 U.S.C. § 1132(a)(3), which is limited to equitable relief. *See Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1005–06 (9th Cir. 1999), *cert. denied*, — U.S. —, 122 S.Ct. 902, 151 L.Ed.2d 871 (2002). Despite the court's statements about jurisdiction, the dismissal was most appropriately viewed as a dismissal on the merits, for failure to state a claim on which relief may be granted. *Id.* at 1008. Thus, the district court had subject matter jurisdiction, and could in its discretion have awarded fees.

In explaining its denial of fees, the district court fully considered the factors this court enumerated in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), and explained why none of the factors favored awarding fees. There was no abuse of discretion. *Id.* at 452.

AFFIRMED.

of this circuit except as may be provided by