**TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; Trustees of the Construction Industry and Laborers Joint Pension Trust; Trustees of the Construction Industry and Laborers Vacation Trust; and Trustees of the Southern Nevada Laborers Local 872 Training Trust, Plaintiffs–Appellees,**

v.

**C & W ENTERPRISES, INC. dba T & J Demolition, a Nevada corporation, Defendant–Appellant.**

Nos. 07–15277, 07–15822.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2008.*

Filed Oct. 28, 2008.

R.App. P. 34(a)(2).

Andrew S. Brignone, Esquire, Michael V. Infuso, Esquire, Brownstein Hyatt Farber Schreck LLP, Las Vegas, NV, for Plaintiffs–Appellees.

Joanna L. Blake, Esquire, Atkinson, Andelson, Loya, Ruud and Romo, Cerritos, CA, for Defendant–Appellant.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

### MEMORANDUM **

Defendant C & W Enterprises appeals the summary judgment entered in favor of Plaintiff Trustees of the Construction Industries. We affirm.

1. We review a summary judgment de novo. *Boston Mut. Ins. v. Murphree,* 242 F.3d 899, 902 (9th Cir.2001). C & W is bound by the Master Labor Agreement ("Agreement"), including the provision requiring C & W to produce its books and records for a contract compliance audit. C & W's president, Tony Moreno, signed the

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Agreement. For three reasons, his addition of the words "d/b/a T & J Demolition" to C & W's name below his signature does not exempt C & W from the Agreement's requirements.

First, because C & W chose to identify itself as, and sign the Agreement as, "C & W Enterprises, Inc. d/b/a T & J Demolition," and because Plaintiffs relied on that representation, C & W is now estopped from asserting that such a business entity does not exist. *See El Ranco, Inc. v. First Nat'l Bank of Nev.,* 406 F.2d 1205, 1210 (9th Cir.1968) (explaining that the equitable doctrine of estoppel prohibits a business from denying corporate existence after holding itself out to be a corporate entity).

Second, when C & W signed the Agreement with the "d/b/a" designation, it did not create a separate legal entity that insulated C & W from liability on the Agreement. The designation "d/b/a" is merely descriptive of a corporation that does business under some other name and does not create a distinct corporate entity. 18 C.J.S. *Corporations* § 133.

Third, the defense that a party was fraudulently induced into signing a collective bargaining agreement is not valid against a trust fund. *See Sw. Adm'rs, Inc. v. Rozay's Transfer,* 791 F.2d 769, 774 (9th Cir.1986) (holding that fraud in the execution is a valid defense, but that fraud in the inducement is not).

2. The district court did not abuse its discretion, *Elliot v. Fortis Benefits Ins. Co.,* 337 F.3d 1138, 1148 (9th Cir.2003), in awarding $19,933 in attorney fees and $4,753 in non-taxable costs to Plaintiffs. Under ERISA, the district court in its discretion may award attorney fees and

costs to either party. The district court's analysis of the relevant factors does not demonstrate a clear error of judgment. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452–53 (9th Cir.1980).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.