**Stuart J. REILLY, Plaintiff— Appellant,**

v.

**CHARLES M. BREWER LTD. MONEY PURCHASE PENSION PLAN AND TRUST, a retirement plan; Charles M. Brewer Ltd. Profit Sharing Plan and Trust, a retirement plan; Charles M. Brewer, Defendants—Appellees.**

**No. 08–16750.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2009.*

Filed Oct. 16, 2009.

R.App. P. 34(a)(2).

Stuart J. Reilly, Dallas, TX, pro se.

Daniel Cracchiolo, Esquire, Burch & Cracchiolo PA, Phoenix, AZ, Michael Anthony Vanic, Reish & Reicher, Los Angeles, CA, for Defendants–Appellees.

Before: WALLACE, THOMPSON and THOMAS, Circuit Judges.

MEMORANDUM **

In this action to recover benefits allegedly due to an ERISA plan participant, we are called upon to decide whether the district court abused its discretion in ordering the plaintiff to pay attorneys' fees. The

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court had jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 1132(e)(1), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ Under ERISA's civil enforcement provisions, "a court in its discretion may award fees and costs of an action by a plan participant to either party." *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir.1980). The district court is to be guided by the *Hummell* factors. *Id.* at 453.

In November 2002, Reilly brought an action against Brewer and others (Brewer), alleging essentially claims for recovery of benefits and breach of fiduciary duty (*Reilly I*). The district court granted Brewer's motion for summary judgment as to the fiduciary duty claim, and found against Reilly on his claim for recovery of benefits after a bench trial.

In November 2006, Reilly filed this second action against Brewer, again seeking recovery of benefits and alleging breaches of fiduciary duty (*Reilly II*). Brewer successfully moved to dismiss the *Reilly II* action as barred by res judicata. Shortly thereafter, Brewer moved for an award of fees pursuant to 29 U.S.C. § 1132(g)(1), requesting $29,704. The district court granted this motion, but awarded Brewer only $14,871.

The district court determined that the first and fourth *Hummell* factors were either neutral or did not favor an award. The district court found that it had no reason to disbelieve Reilly's representation that he brought the action in good faith, and that the action was not brought to benefit all participants of an ERISA plan or to resolve a significant legal question.

The district court concluded that the second factor, Reilly's ability to pay an award of fees, "does not weigh in favor of either party as neither party has presented any convincing evidence about plaintiffs'

current ability or inability to pay an attorney's fee award." Reilly argues that the district court abused its discretion because he is "virtually retired."

But Reilly did not argue that his retirement status made him unable to pay an award of fees before the district court. Reilly presented no evidence supporting his alleged inability to pay. It appears that Brewer's only evidence on this subject showed that Reilly sold a home in Scottsdale for $1,550,000, and purchased a home in Dallas for $741,000. While Brewer's evidence is not overwhelming, Reilly presented the district court with no contrary evidence. Under these circumstances, the district court did not abuse its discretion by determining that this factor, Reilly's ability to pay, did not favor either party.

The district court determined that the factor of deterrence weighed in favor of an award of fees to Brewer. Reilly argues that where, as here, there was no bad faith on the part of the plaintiff, "an assessment of attorney's fees against an individual plaintiff would have such a chilling effect it would be an abuse of discretion." We agree with Brewer that Reilly ignores the circumstances of this action: this was a successive action brought shortly after *Reilly I* was unsuccessful. Like the third amended complaint in *Reilly I*, the complaint here named the same defendants and stated the same claims for recovery of benefits and breach of fiduciary duty. The circumstances of this action—successive lawsuits brought by a self-represented attorney—also indicate that a "chilling effect" is unlikely to result. The district court did not abuse its discretion in concluding that the goal of deterring repetitive lawsuits weighed in favor of an award of fees here.

■ The district court concluded that the relative merits factor "favors defendants as they prevailed on their argument

that plaintiff's claims in this action were precluded by res judicata." While it appears that a dismissal on the basis of res judicata does not constitute a resolution "on the merits," neither *Hummell,* nor the language of 29 U.S.C. § 1132(g), require resolution of the underlying claim *on the merits* before fees may be awarded. Instead, *Hummell* asks the district court to assess "the relative merits of the parties' positions," *Hummell,* 634 F.2d at 453, not the merits of the action. Thus, it was not an abuse of discretion to weigh this factor in favor of Brewer.

In sum, the district court did not abuse its discretion in its consideration of the *Hummell* factors, either individually or in total. However, Reilly argues that our court has "consistently and repeatedly cautioned . . . that attorney's fees should not be charged against ERISA plaintiffs." While some Ninth Circuit authority may advise caution prior to the award of attorney's fees against a plaintiff, such cases do not eliminate the possibility of an award of fees to a defendant generally, and certainly do not indicate that the award of fees was inappropriate in this case. We have repeatedly held that in awarding fees pursuant to 29 U.S.C. § 1132(g), "the playing field is level" and the "analysis . . . must focus only on the *Hummell* factors, without favoring one side or the other." *Estate of Shockley v. Alyeska Pipeline Serv. Co.,* 130 F.3d 403, 408 (9th Cir.1997). Contrary to Reilly's assertion, the district court did not err.

The district court awarded approximately half the amount of fees requested by Brewer. Reilly asserts, nevertheless, that if an award of fees were appropriate, the district court's award was excessive. The district court appropriately considered the number of hours expended by counsel and the reasonableness of the requested hourly rate. The district court found that

the number of hours expended by Vanic was excessive given his experience and "intimate familiarity with the prior lawsuit." Regarding the requested hourly rate, the court stated that "[w]hile the requested rates of compensation appear to be on the high end of the range of prevailing rates," the defendants had submitted evidence supporting the requested rates. Reilly offered no evidence to rebut the reasonableness of the requested hourly rate. The district court did not abuse its discretion in setting the amount of fees.

In his brief, Brewer requests attorneys' fees for this appeal. This request must be made by separate motion "supported by a memorandum showing that the party seeking fees is legally entitled to them." 9th Cir. R. 39–1.6(b).

**AFFIRMED.**