**NOT FOR PUBLICATION**

DEC 02 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID BARBOZA, | No. 12-17439 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00519-KJM-GGH |
| v. | |
| CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| DAVID BARBOZA, | No. 13-16652 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00519-KJM-GGH |
| v. | |
| CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation; et al., | |
| Defendants - Appellees. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| DAVID BARBOZA, | No. 13-16680 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00519-KJM-GGH |
| v. | |
| CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation; et al., | |
| Defendants - Appellants. | |

| | |
|---|---|
| DAVID BARBOZA, | No. 13-16888 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00519-KJM-GGH |
| v. | |
| CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted November 21, 2014
San Francisco, California

2

Before: NOONAN and IKUTA, Circuit Judges, and ALBRITTON, Senior District Judge.[**]

David Barboza and the Plan administrators cross appeal the district court's order granting in part and denying in part summary judgment to each party, as well as the district court's order denying each party's motion for attorneys' fees and costs. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err when it determined that the Plan administrators' decisions should be reviewed for an abuse of discretion. The Plan instrument granted discretionary authority to the Plan administrators, and their failure to timely render a decision within ninety days of Barboza's administrative appeal was not a "wholesale and flagrant" procedural requirement violation that alters the abuse of discretion standard of review. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963, 971 (9th Cir. 2006) (en banc). Nor is the Plan administrators' failure to notify Barboza until the eve of his appeal that the issue of section 4850 pay would be considered at his hearing such a "wholesale and flagrant" procedural violation, particularly since the Plan administrators had repeatedly instructed Barboza to consider the availability of such pay. *See Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 871–72 (9th Cir. 2008).

[**] The Honorable William H. Albritton III, Senior District Judge for the U.S. District Court for the Middle District of Alabama, sitting by designation.

3

The district court erred in holding that the Plan was entitled to set off a full year of section 4850 benefits against Barboza's benefit award. Under the terms of the Plan instrument, the Plan was entitled to offset the first two months of administrative leave pay, which Barboza conceded was a "negotiated substitute" for section 4850 pay. But there remains a genuine issue of material fact as to whether the Plan required Barboza to retire in a manner that would entitle him to a full year of section 4850 benefits. We remand this issue to the district court for further proceedings.

The district court did not err in holding the Plan administrators did not abuse their discretion in offsetting Barboza's benefit award by his workers' compensation settlement. The Plan instrument states that the Plan administrators need not perfect a lien to be entitled to such an offset, and the Plan may recover from any future benefits, "regardless of their characterization and including, without limitation, future medical claims."

The district court did not abuse its discretion in declining to award Barboza statutory penalties under 29 U.S.C. § 1132(c)(1)(B) as a result of the Plan administrators' failure to furnish documents he requested. Although a showing of prejudice is not required for a district court to grant damages under 29 U.S.C. § 1132(c)(1)(B), *see* 29 C.F.R. 2560.503.1(m)(8)(i)–(iii), the decision to grant such

4

damages is "in the court's discretion," 29 U.S.C. § 1132(c)(1)(B).  Here, the

district court declined to award damages after it first determined that Barboza was

not prejudiced or denied the ability "to meaningfully participate in the appeals

process" as a result of the Plan administrator's delay in providing the requested

documents.  The district court therefore provided cogent reasons for declining to

exercise its discretion and its decision was not illogical, implausible, or without

support in the record.  *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.

2009).

The district court failed to address Barboza's motion for prejudgment

interest on his award of ERISA benefits.  We therefore remand this issue to the

district court to consider whether Barboza's request for prejudgment interest on his

benefits award is warranted.

On the Plan administrators' cross appeal, the district court did not err in

holding that the Plan may offset only Barboza's net earnings from his self-

employment, rather than his gross earnings.  The ordinary definition of the term

"earnings" is "net earnings" rather than "gross earnings."  *See, e.g.*, *Webster's*

*Third International Dictionary* 714 (3d ed. 2002).

We vacate the district court's injunction requiring the Plan administrators to

amend the Plan instrument's non-ERISA-compliant appeals procedures.  Such

5

relief was rendered moot by this court's decision in Barboza's first appeal,

*Barboza v. Cal. Ass'n of Prof'l Firefighters*, 651 F.3d 1073 (9th Cir. 2011).

Finally, the district court did not abuse its discretion in denying the parties' cross motions for attorneys' fees and costs under ERISA's discretionary fee-shifting provision, 29 U.S.C. § 1132(g)(1). The district court's decision to not award these discretionary fees was not illogical, implausible, or without support in the record because, after considering the five factors enumerated in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), it reasonably concluded that neither party acted in bad faith, the case presented complex issues for adjudication, and the Plan administrators' attempts to offset Barboza's benefits were "inherently reasonable." We therefore affirm the district court's denial of the cross motions for discretionary attorneys' fees and costs. Each party will bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, AND REMANDED for further proceedings consistent with this memorandum disposition.**