**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID BARBOZA,

          Plaintiff - Appellant,

  v.

CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS, a
California corporation; et al.,

          Defendants - Appellees.

No. 11-15472

D.C. No. 2:08-cv-02569-FCD-GGH

MEMORANDUM[*]

DAVID BARBOZA,

          Plaintiff - Appellant,

  v.

CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS, a
California corporation; et al.,

          Defendants - Appellees.

No. 11-16024

D.C. No. 2:08-cv-02569-FCD-GGH

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| DAVID BARBOZA, | No. 11-16081 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-02569-FCD-GGH |
| v. | |
| CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation; et al., | |
| Defendants - Appellants. | |

| | |
|---|---|
| DAVID BARBOZA, | No. 11-16082 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-02569-FCD-GGH |
| v. | |
| CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., Senior District Judge, Presiding

Argued and Submitted November 21, 2014
San Francisco, California

Before: NOONAN and IKUTA, Circuit Judges and ALBRITTON,[**] Senior District Judge.

David Barboza and long-term disability plan ("Plan") administrators (collectively, the defendants) cross appeal the district court's order granting in part and denying in part the parties' cross motions for summary judgment, as well as the district court's order denying each party's motion for attorneys' fees.[1] The defendants also appeal the district court's order denying their motion for Rule 11 sanctions. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err when it granted summary judgment to the defendants on Barboza's claim that they breached their fiduciary duties by failing to file Internal Revenue Service (IRS) Form 990. Barboza has not provided any evidence that the defendants failed to "(1) investigate the expert's qualifications, (2) provide the expert with complete and accurate information, and (3) make certain that reliance on the expert's advice is reasonably justified under the circumstances," *Howard v. Shay*, 100 F.3d 1484, 1489 (9th Cir. 1996) (citations

---

[**] The Honorable William H. Albritton III, Senior District Judge for the U.S. District Court for the Middle District of Alabama, sitting by designation.

[1] In a published opinion filed concurrently with this memorandum, we affirm in part and reverse in part the district court's summary judgment order on Barboza's other claims. *Barboza v. Cal. Ass'n of Prof'l Firefighters*, ___ F.3d ___ (9th Cir. 2015).

3

omitted), in violation of the "prudent man standard of care," *see* 29 U.S.C. § 1104(a), when they did not file Form 990 on the advice of their legal counsel and accountant.[2]

The district court erred when it failed to consider Barboza's argument that the defendants breached their fiduciary duties by failing to maintain adequate reserves to maintain the Plan's solvency. *See Hall v. Norton*, 266 F.3d 969, 978–79 (9th Cir. 2001). We remand this issue to the district court to determine whether there is a triable issue of fact as to whether the defendants discharged their fiduciary duties by relying on the advice of their actuary when they structured the Plan's reserves. *See* 29 U.S.C. § 1104(a).

The district court did not abuse its discretion when it denied the defendants' motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure because the district court's decision that Barboza's lawsuit was not frivolous or submitted with an improper purpose was not "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc); *see also*

---

[2]We deny the parties' cross motions for judicial notice of two lists of organizations that have had their federal tax-exempt status revoked by the IRS because these facts are not "accurately and readily determined" from the provided sources. Fed. R. Evid. 201(b)(2).

*Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988) (recognizing that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution").

The district court did not abuse its discretion when it required the defendants "to obtain actuarial studies for each year that the plan has not undergone actuarial review," because a fiduciary may be liable for breach of duty even if the beneficiaries do not incur a loss. *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1203 (9th Cir. 2003).

The district court did not abuse its discretion when it denied the parties' cross motions for attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) because neither party has demonstrated "that the court made a clear error of judgment in its conclusion about weighing [the] relevant factors" articulated by this court in *Hummel v. S. E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980). *Id.* at 452–53.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**[3]

---

[3]Each party shall bear its own costs on appeal.