**FILED**

NOT FOR PUBLICATION

MAR 25 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MARVIN KROPKE; JOHN A. BROWN; DOUG CHAPPELL; RICHARD REED; ROGER ROPER; JAMES WILSON; PEGGY BROWN; ERIC CARTIER; TOM ISPAS; FRED NEUBAUER; BARRY MEYER, in their capacity as Trustees of the Southern California IBEW-NECA Pension Trust Fund, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 17-56479 D.C. No. 2:16-cv-08753-MWF-FFM MEMORANDUM[*] |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| ANDY DUNBAR; GERALD MINEY; MICHAEL RICHARD; DAVE KURTZ; THOMAS MITTELBRUN; BEN ROSENBERG, in their capacity as Trustees of the Electrical Workers Pension Trust Fund of Local Union No. 58, IBEW Detroit, Michigan; RICHARD A. MARKEE; TED ANTON; PAUL KELLEY; RUSS SMITH; SEAN EGAN; JOHN BOND, Jr.; THOMAS EASTWOOD; DAVID FASHBAUGH, in their | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

capacity as Trustees of the Michigan )
Electrical Employees Pension Fund, )
                                 )

    Defendants-Appellees. )

———————————————— )

| MARVIN KROPKE; JOHN A. ) | No. 17-56793 |
|---|---|
| BROWN; DOUG CHAPPELL; ) | |
| RICHARD REED; ROGER ROPER; ) | D.C. No. 2:16-cv-08753-MWF-FFM |
| JAMES WILSON; PEGGY ) | |
| BROWN; ERIC CARTIER; TOM ) | |
| ISPAS; FRED NEUBAUER; ) | |
| BARRY MEYER, in their capacity ) | |
| as Trustees of the Southern ) | |
| California IBEW-NECA Pension ) | |
| Trust Fund, ) | |

    Plaintiffs-Appellees, )

      v. )

ANDY DUNBAR; GERALD )
MINEY; MICHAEL RICHARD; )
DAVE KURTZ; THOMAS )
MITTELBRUN; BEN )
ROSENBERG, in their capacity as )
Trustees of the Electrical Workers )
Pension Trust Fund of Local Union )
No. 58, IBEW Detroit, Michigan; )
RICHARD A. MARKEE; TED )
ANTON; PAUL KELLEY; RUSS )
SMITH; SEAN EGAN; JOHN )
BOND, Jr.; THOMAS EASTWOOD; )
DAVID FASHBAUGH, in their )
capacity as Trustees of the Michigan )
Electrical Employees Pension Fund, )
                                 )

    Defendants-Appellants. )

2

_____)

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 4, 2019[**]
Pasadena, California

Before: FERNANDEZ and OWENS, Circuit Judges, and DONATO,[***] District Judge.

The Trustees of the Southern California IBEW-NECA Pension Trust Fund (the "SoCal Fund") appeal[1] from the order of the district court denying their motion to vacate an arbitration award in favor of the Trustees of the Electrical Workers' Pension Trust Fund of Local Union No. 58, IBEW Detroit, Michigan, and the Michigan Electrical Employees' Pension Fund (both hereafter referred to as the "Michigan Funds"). For their part, the Michigan Funds appeal[2] from the district court's order denying their motion for attorney's fees against the SoCal Fund. We affirm.

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

[1]No. 17-56479.

[2]No. 17-56793.

3

The SoCal Fund, the Michigan Funds, and numerous other pension trust funds entered into the Electrical Industry Pension Reciprocal Agreement ("the Reciprocal Agreement"), which in effect provided that when an employee (interchangeably referred to as a "traveler") temporarily works in an area covered by a participating IBEW local union pension fund, "an amount of money equal to all" pension contributions[3] earned by the traveler would be transferred from the participating local union pension fund to the traveler's home fund. The Reciprocal Agreement contains an arbitration provision covering all disputes and disagreements "arising out of this Agreement." A dispute arose when the SoCal Fund refused to send a portion of the contributions earned by travelers to their home funds—the Michigan Funds. After an arbitrator ruled against the SoCal Fund and the district court confirmed the award, these appeals ensued.

A.    SoCal Fund Appeal

(1)    The district court did not err when it applied ordinary California state law principles in analyzing the validity of the arbitration agreement. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995); *see also Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford*

---

[3]Contributions are defined as payments "which an employer is duly required to make by the terms of a collective bargaining agreement, or is otherwise legally bound, to make to" the pension fund where the employee is working.

4

*Junior Univ.*, 489 U.S. 468, 475–76, 109 S. Ct. 1248, 1254, 103 L. Ed. 2d 488 (1989). The Employee Retirement Income Security Act of 1974[4] does not preempt California law because the state's general principles of contract formation applied in this case are not directed at ERISA plans, and ERISA plans are not essential to the operation of that law.[5] Nor does the Labor Management Relations Act[6] preempt California law because breach of a collective bargaining agreement is not claimed here.[7]

(2) The SoCal fund asserts that there was no arbitration agreement at all because the Reciprocal Agreement provides that if there is a dispute it "may" be submitted for arbitration if a party so requests in writing. That is not an indication of a lack of agreement; rather it provides that any party to a dispute has the unilateral right to demand arbitration. *See Erickson v. Aetna Health Plans of Cal., Inc.*, 84 Cal. Rptr. 2d 76, 83 (Ct. App. 1999). The SoCal Fund also points out that

---

[4]Pub. L. No. 93–406, 88 Stat. 829 (codified as amended in scattered sections of 26 & 29 U.S.C.) (hereafter, "ERISA").

[5]*See Gobeille v. Liberty Mut. Ins. Co.*, __ U.S. ___, ___, 136 S. Ct. 936, 943, 194 L. Ed. 2d 20 (2016).

[6]Ch. 120, 61 Stat. 136 (1947) (codified as amended in scattered sections of 29 U.S.C.).

[7]*Cf. Roy Allen Slurry Seal v. Laborers Int'l Union of N. Am. Highway & St. Stripers/Rd. & St. Slurry Local Union 1184, AFL-CIO*, 241 F.3d 1142, 1146 (9th Cir. 2001).

5

no particular set of arbitration rules were set forth in the agreement. However, the parties agreed that rules would "be promulgated by the Reciprocal Administrator," who was provided for in the Reciprocal Agreement. That sufficed. Nor was it unconscionable to confer that sort of authority upon the Reciprocal Administrator; nothing in the record suggests that the terms of the arbitration for this dispute were overly harsh, oppressive, or one-sided. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260–61 (9th Cir. 2017); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023–24 (9th Cir. 2016); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170–73 (9th Cir. 2003). Insofar as the SoCal Fund complains that the Reciprocal Administrator participated in the arbitration as an "interested party," which the rules provided for, we note that at the outset of the arbitration hearing the SoCal Fund agreed that he could do so.

(3) The SoCal Fund then asserts that the district court erred when it confirmed the arbitrator's award rather than vacating it. But review of the arbitration award is "'both limited and highly deferential.'" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009); *see also* 9 U.S.C. § 9; *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 581–84, 128 S. Ct. 1396, 1402–03, 170 L. Ed. 2d 254 (2008). In support of its position, the SoCal Fund claims that the arbitrator manifestly disregarded the law and demonstrated evident partiality.

6

We disagree.

    (a)    <u>Manifest Disregard</u>

To support its manifest disregard claim, the SoCal Fund had to show more than "a failure on the part of the arbitrator[] to understand or apply the law. It must be clear from the record that the arbitrator[] recognized the applicable law and then ignored it." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007). "Moreover, to rise to the level of manifest disregard '[t]he governing law alleged to have been ignored by the arbitrator[] must be *well defined, explicit, and clearly applicable.*'" *Id.* at 879–80. The SoCal Fund's thoughts about the effect of the Pension Protection Act of 2006[8] on the Reciprocal Agreement are of no avail. On its face, the arbitrator's decision was reasonable, and neither the record, nor the language of the PPA, nor any binding case law or other authority points to manifest disregard of the law by the arbitrator. This claim fails.

    (b)    <u>Evident Partiality</u>[9]

We have carefully reviewed the record and are satisfied that nothing therein shows actual bias or a failure to disclose information that would point to bias. *See*

---

[8] Pub. L. No. 109–280, 120 Stat. 780 (codified as amended in scattered sections of 26 & 29 U.S.C.) (hereafter, "PPA").

[9] 9 U.S.C. § 10(a)(2).

7

*Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645–46 (9th Cir. 2010); *see also Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 428–29 (9th Cir. 1996); *Emp'rs Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1490 (9th Cir. 1991).  This claim also fails.

B.      Michigan Funds Appeal

The Michigan Funds assert that the district court erred when it denied their motion for an award of attorney's fees against the SoCal Fund.  *See* 29 U.S.C. § 1132(g)(1).  They argue that the district court failed to apply the correct standard—that is, the ERISA standard.  *See Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980); *see also Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 249 n.1, 130 S. Ct. 2149, 2154 n.1, 176 L. Ed. 2d 998 (2010); *Graphic Commc'ns Union, Dist. Council No. 2, AFL-CIO v. GCIU-Emp'r Ret. Ben. Plan*, 917 F.2d 1184, 1189 (9th Cir. 1990).  The district court's order belies the assertion that it merely applied a bad faith standard.  While the district court did consider bad faith, that is a proper factor.  *Hummell*, 634 F.3d at 453.  Moreover, the district court carefully considered the other factors.  *See Graphic Commc'ns*, 917 F.2d at 1190.  We cannot say that the district court abused its discretion.

AFFIRMED.  Costs are to be taxed against the SoCal Fund in No. 17-56479.  Costs are to be taxed against the Michigan Funds in No. 17-56793.

8